BARRY, Judge.
We granted certiorari to review whether this search conducted pursuant to a warrant was based on probable cause. The magistrate or judge must decide whether there is a fair probability that contraband will be found in a particular place under all the circumstances. The duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for his conclusion that probable cause existed. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
The fact that the officers jumped a page fence and entered a neighbor’s yard without permission from the owner was omitted from the affidavit. There was no intentional mispresentation and the court should have considered the affidavit as though the omitted fact had been included and then evaluate it. State v. Lehnen, 403 So.2d 683 (La.1981). Since preference is to be accorded to warrants, marginal cases should be resolved in favor of the warrant. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); State v. Durand, 461 So.2d 1090 (La.App. 4th Cir.1984).
Unlike the situation in State v. Roubique, 421 So.2d 859 (La.1982), the officers did not enter the defendant’s property in order to view the marijuana. There was no search prior to the warrant since they were clearly observing the marijuana from the property of another.
The test to determine whether Cook’s right to privacy was violated is not only whether he had an actual or subjective expectation of privacy but also whether his expectation was of the type society at large recognizes as being reasonable. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Dupuis, 378 So.2d 934 (La.1979), cert. denied 449 U.S. 828, 101 S.Ct. 94, 66 L.Ed.2d 32 (1980).
The officers were on the property of another when they made their observations. The defendant had no reasonable expectation of privacy as to a hot house made of two fiberglass walls and a partial plywood roof situated in a yard with a chain-link fence. The marijuana plants were protruding through the makeshift roof and visible through the hole where a door might have been. The plants could have been observed by casual visitors to a number of neighboring yards.
The initial sighting from the neighbor’s property upon which the officers were arguably trespassing did not violate the defendant’s Fourth Amendment Rights since he had no reasonable expectation of privacy under these circumstances. State v. Denton, 387 So.2d 578 (La.1980); State v. Dupuis, supra. The initial viewing was not an intrusion into a protected area. See State v. Fearn, 345 So.2d 468 (La.1977). The officers obtained a warrant before they entered the defendant’s property.
Unless the omission [of factual detail] is willful and calculated to conceal information that would indicate that there is not probable cause or would indicate that the source of other factual information in the affidavit is tainted, the omission will not change an otherwise good warrant into a bad one. State v. Roubique, 421 So.2d at 863.
This writ is made peremptory. We find this seizure was pursuant to a valid warrant. The judgment granting the motion to suppress is reversed.
BYRNES, J., dissents.