PRESTON H. HUFFT, Judge Pro Tem.
Defendant, Wayne Jordan, pled guilty in No. 312-095 to one count of possession of cocaine with intent to distribute and another count of possession of marijuana with intent to distribute, and in No. 312-116 to illegal carrying of a weapon. The sentences were suspended and the defendant was placed on probation. In entering the guilty pleas the defendant reserved his right under State v. Crosby, 338 So.2d 584 (La.1976) to appeal the denial of his motion to suppress the evidence. On appeal defendant argues that he was illegally arrested and the searches which resulted in the seizure of the cocaine, pistol, and marijuana were not valid. We disagree and hold that the trial court was correct in its denial of defendant’s motion to suppress the evidence.
At the hearing on the motion to suppress the State called four witnesses. Officer Singleton, a police officer for the City of New Orleans in the vice-taxi cab bureau, testified that on November 11, 1985 he observed the defendant in his taxi cab without a rate sheet on the rear window in violation of Chapter 12 of the Taxi Cab Ordinance and proceeded behind him to pull him over. Before the officer could get directly behind him, the defendant pulled over to the curb, exited the cab with a blue striped bag in his hand, and started walking. The officer stopped his vehicle in the middle of the street, called out for the defendant to stop, informed the defendant that he was a police officer from the taxi cab bureau, and that he wanted to check the defendant’s taxi cab permit. The officer pulled over to the curb and before he could get out of his car he saw the defendant toss the blue striped bag over a fence along the sidewalk. The officer approached the defendant, frisked, handcuffed and placed him in the officer’s car. The officer jumped the fence and retrieved the blue striped bag, which was the only object in the yard. The officer returned to his car and opened the contents of the blue striped bag on the hood of the car — the bag contained a clear plastic bag with a white powder substance, a clear plastic bag with green vegetable matter and a pistol. The defendant was then formally placed under arrest.
Officers Hare and Delucca testified that they were flagged by Officer Singleton and assisted him. All three officers testified that the defendant freely and voluntarily granted permission for the search of the trunk of his taxi cab. Upon searching the trunk the officers found several clear zi-plock bags 'of green vegetable matter in a large plastic trash bag. Officer Delucca frisked the defendant and found close to a $1,000.00 on him. The fourth officer testified that he appeared on the scene after all the evidence had been seized and secured. The defendant did not testify at the hearing.
The defendant raises three issues: the initial handcuffing and detention in the of *232 ficer’s car constituted an illegal arrest, the retrieval of the striped bag violated his constitutional rights and the search of the trunk of the taxi cab grew out of the illegal arrest and permission was not knowingly and voluntarily given.
C.Cr.P. art. 201 defines an arrest as follows:
“Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him.”
In State v. Raheem, 464 So.2d 293 (La.1985) the court noted:
“An arrest occurs when the circumstances indicate an intent to effect an extended restraint on the liberty of the accused, rather than at the precise time an officer tells an accused he is under arrest.” Id. at 296.
In Raheem, the court found that an arrest had occurred when the defendants were ordered out of their car at gunpoint and placed with their hands against the car. The court held that an arrest had occurred at that point even though the defendants were not formally advised they were under arrest until after they were searched. Here, as in Raheem, the defendant was under arrest when Officer Singleton handcuffed and placed him in the car. The question then arises as to whether this action by Officer Singleton was based on probable cause.
“Probable cause to arrest exists when the facts and circumstances shown to the officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing the person to be arrested has committed a crime.” State v. Wilson, 467 So.2d 503 (La.1985), cert, den., Wilson v. Louisiana, — U.S. -, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985), 467 So.2d at 515. The circumstances upon which the arresting officer acts must show that criminal conduct is more probable than noncriminal activity. Equivocal conduct does not afford probable cause for arrest, where the possibility of criminal conduct is no greater than the possibility of innocent behavior. State v. Buckley, 426 So.2d 103 (La.1983); State v. Herbert, 351 So.2d 434 (La.1977).
With respect to probable cause for the arrest of the defendant by handcuffing and placing him in the car, it suffices to say that Officer Singleton had probable cause to arrest the defendant for a violation of Chapter 12, Section 7 of The Code of the City of New Orleans. The officer had the power to arrest for a violation of the ordinance and testified that he had arrested taxi cab drivers for violation of the ordinance on a number of occasions.
The next issue is whether the evidence seized from the striped bag as a result of Officer Singleton’s entry onto the lot owner’s property can be used against the defendant. In written reasons for judgment in denying the motion to suppress the evidence, the Trial Judge relied on State v. Cook, 482 So.2d 830 (La.App. 4th Cir.1986). With this we agree. In Cook, police officers entered the property of another to observe marijuana on the defendant’s property. This court held that “[t]he test to determine whether Cook’s right to privacy was violated is not only whether he had an actual or subjective expectation of privacy but also whether his expectation was of the type society at large recognizes as reasonable _” Cook, supra at 831. This court concluded that the defendant had “no reasonable expectation of privacy as to a hot house made of two fiberglass walls and a partial plywood roof situated in a yard with a chain-link fence, [and] ..... the marijuana plants were protruding through the makeshift roof and visible through the hole where a door might have been.” Cook, supra at 831. The court further noted that the officers did not violate the Fourth Amendment rights of the defendant.
In the case before this court, the defendant cannot say that the landowner had a reasonable expectation of privacy from the plain view by police officers of foreign objects thrown into his yard and thus abandoned. In Cook, the test for violating privacy rights was whether the *233 expectation of privacy is of the type society at large recognizes as being reasonable. The defendant’s right to privacy did not extend to that situation he created to avoid being in possession of controlled dangerous substances and a weapon in the face of an imminent arrest by a police officer for a violation of a city ordinance. Thus, the argument is without merit.
The third issue is whether the defendant’s consent to the warrantless search of his taxi cab was given under circumstances which met the constitutional safeguards afforded the defendant. When the defendant was formally arrested Officer Singleton advised him of his constitutional rights. Officers Singleton, Hare and De-lucca each testified that the defendant freely and voluntarily gave his consent to search the trunk. There is no evidence to contradict the free and voluntary nature of the permission. The search of the trunk was legal.
For the foregoing reasons, we affirm the District Court’s denial of the motion to suppress the evidence.