STONE, J.
We reverse an order suppressing evidence. Appellee is charged with aggravated assault with a firearm and misdemean- or battery. He filed a motion to suppress evidence of a rifle found on the roof of his house.
Hollywood police officers testified, at the hearing on the motion, that they responded to a call of aggravated assault with a firearm shortly after the incident. The officers’ testimony was not refuted. The victims, interviewed at the scene, told the *1068 interviewing officer that Appellee had pointed a rifle at them and threatened to kill them.
Appellee authorized the investigating officers to enter the residence. Appellee showed the officers around the house, and they observed a gun cleaning kit and a box of ammunition in plain view. Appellee said the kit was not his and he denied having anything to do with a rifle. During the search of the house, Appellee told one of the officers not to go outside in his backyard because there was a large dog out there. Subsequently, another officer, while looking over a fence from a neighbor’s yard, observed a rifle barrel in plain view protruding over the edge of the rear roof where it would be accessible to Appel-lee or others.
The victims identified the rifle as the one pointed toward them by Appellee. When confronted with the rifle, Appellee denied it was his. The trial court concluded that the officers could not lawfully go into the backyard to retrieve the rifle from the roof without a warrant or Appellee’s consent to enter the backyard.
In granting the motion to suppress, the trial court found that Appellee freely and voluntarily gave consent to the police to search the inside of his home but that such consent did not extend to the backyard. The trial court concluded, as a matter of law that any protective sweep for the officers’ safety did not extend to the backyard, and that the exigency exception to the warrant requirement did not apply.
The state argues that exigent circumstances existed to seize the rifle because the officers had been told that Appellee had threatened the victims with a rifle and they observed the box of ammunition and cleaning kit. This gave the officers reason to believe that Appellee’s rifle may be loaded.
Appellee questions whether the rifle found on the roof was in plain view, citing West v. State, 588 So.2d 248 (Fla. 4th DCA 1991). However; the Supreme Court of Florida disapproved of West in Sarantopoulos v. State, 629 So.2d 121 (Fla.1993). There, the court held that the officers’ entry into a neighboring yard without specific permission in order to look over the defendant’s fence did not make their subsequent search illegal. Warrantless plain view seizures are proper when an officer is lawfully at a location and observes contraband. In any event, we note that the back door was open and that there is no evidence that the police officers were, in fact, denied access to the backyard. The record reflects that Appellee only warned against their going out, saying that there was a big dog in the yard. He had already given the officers consent to search the house. He did not clearly withdraw consent to search as to the backyard.
In concluding that a search warrant was necessary for the seizure of the rifle in this case, the trial court cited Sarantopoulos. However, we note to the contrary, that Sarantopoulos supports the position of the state. Sarantopoulos held that a defendant failed to create a reasonable zone of privacy in his backyard by surrounding it with a fence. The court said Sarantopoulos had not created a zone of privacy from a neighbor’s observations over the fence, nor had he created a zone of privacy against a person in an adjoining yard standing on a ladder that might be useable for trimming trees or repairing a roof, as the Supreme Court recognized in California v. Ciraolo, 476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986). A property owner reasonably should foresee that neighbors or other persons on the adjoining land may be in a position to make observations over a fence. Therefore, Ap-pellee had no reasonable expectation of privacy from observations of his roof from the adjoining property.
The trial court also found that the exigency or emergency exception to the warrant requirement did not apply, citing State v. Boyd, 615 So.2d 786 (Fla. 2d DCA 1993). However, under these facts, Boyd also supports the state. There, the court held that a deputy sheriffs warrantless search of the defendant’s residence. was *1069 justified under the emergency or exigency rule. In that case, a deputy was dispatched to a residence based upon reports that there was a man in the yard discharging a firearm. When the deputy arrived, the defendant was holding a shotgun aimed in direction of houses, and yelling “I’ll shoot.” The deputy found three recently fired shotgun shells in the yard near an open front door and could not get any response from anyone inside the house. He testified that he entered to see if there were injured persons inside. The court found emergency or exigent circumstances to justify entrance and a search of the premises.
Here, even if Appellee’s consent to search was withdrawn as to the yard, sufficient circumstances existed to justify the seizure of the rifle from the backyard without waiting for a warrant. Therefore, we reverse the suppression of the evidence and remand for further proceedings.
WARNER, G.J. and GUNTHER, J., concur.