[No. G027481. Fourth Dist., Div. Three. Mar. 26, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
CORY C. CLAEYS, Defendant and Appellant.

**COUNSEL**

David A. Zimmerman for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Rhonda L. Cartwright-Ladendorf, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RYLAARSDAM, Acting P. J.**—Defendant Cory C. Claeys pleaded guilty to cultivating marijuana and possessing marijuana for sale after the trial

court denied his motion to suppress evidence and to quash the search warrant. His sentence was stayed pending this appeal. Defendant contends the police violated his Fourth Amendment rights by entering his neighbor's yard without permission and observing the marijuana plants growing in his backyard by looking over an adjoining fence. We disagree and therefore affirm.

## FACTS

After the preliminary hearing, defendant moved to suppress evidence obtained as the result of the initial visual search of his property, and the trial court held an evidentiary hearing, which yielded the following facts.

Officer Balicki and another officer entered the property located directly behind defendant's property to investigate an anonymous tip that defendant was growing marijuana in his backyard. They did not obtain permission from the property owner, John Burke, before entering his property. However, they encountered Burke as they were leaving and told him they were conducting a narcotics investigation.

The two properties are separated by a wooden fence standing less than six feet tall. Because Burke's property sits on a hill, the officers were able to look into defendant's backyard without standing on a stool or a ladder. Officer Balicki observed, without the use of any ocular devices, numerous marijuana plants near defendant's patio and pool and in the tree line next to the fence. Some of the plants were over 10 feet tall.

Officer Balicki's subsequent search warrant affidavit did not mention whether the officers had permission to enter Burke's property. During the evidentiary hearing, the prosecutor was called to the stand by defense counsel, and she testified that Officer Balicki told her the officers encountered Burke as they were leaving his property, they "told him what their purpose was, and [Burke] said fine or go ahead or something to that effect."

The trial court subsequently denied the motion to suppress after concluding: "[F]rom the topographic evidence elicited through testimony and an examination of the exhibits, that the defendant did not have a reasonable expectation of privacy and that the officer was able to see over the fence without aid. However, the issue remains of whether or not Balicki had permission to be on the Burke property from which 'plain view' was possible. . . . [¶] Even if the Court dismisses the issue of standing, *Lorenzana* [*v. Superior Court* (1973) 9 Cal.3d 626 [108 Cal.Rptr. 585, 511 P.2d 33]] favors the People. In the present case, Mr. Burke told Deputy Balicki

after the fact that it was 'fine, okay,' for Balicki to be there. Therefore, Balicki received an implicit invitation to have been on the Burke property. . . ."

## DISCUSSION

 Defendant argues the officers violated his reasonable expectation of privacy in his backyard by trespassing onto his neighbor's property to make their observations. The Attorney General contends defendant cannot rely on a violation of his neighbor's property rights to support his Fourth Amendment claim. We agree.

 "In reviewing the denial of [a motion to suppress evidence], we must view the record in the light most favorable to respondent [citation], uphold all express and implied findings of the trial court that are supported by substantial evidence, then independently apply the proper federal constitutional standards to those facts. [Citations.]" (*People v. Valenzuela* (1999) 74 Cal.App.4th 1202, 1206-1207 [88 Cal.Rptr.2d 707].)

 It is well settled that evidence obtained following a warrantless search is admissible if it was "fully disclosed to the eye and hand of an officer *who has a right to be where he is . . . .*" (*Dillon v. Superior Court* (1972) 7 Cal.3d 305, 310 [102 Cal.Rptr. 161, 497 P.2d 505], italics added; see also *Lorenzana v. Superior Court, supra,* 9 Cal.3d at p. 634.) In *Dillon,* the court concluded the defendant had no reasonable expectation of privacy in his backyard because the marijuana plants growing there were plainly visible from his neighbor's second floor window. (*Dillon,* at p. 311.) The only significant difference between *Dillon* and this case is that the officers who made the observations in *Dillon* had the neighbor's permission to look out her window into the defendant's backyard. (*Ibid.*)

Here, the trial court's order denying the motion to suppress was based in part on its finding that Burke implicitly gave the officers permission to enter his property, by giving it to them explicitly after the fact. Thus, the trial court avoided the issue of standing by concluding the officers had the right to be where they were when they made their observations. But as the Attorney General points out, " 'Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.' [Citations.]" (*Rakas v. Illinois* (1978) 439 U.S. 128, 133-134 [99 S.Ct. 421, 425, 58 L.Ed.2d 387].)

The caveat that an officer must have the right to be where the officer is when observing items considered to be in plain view is based on a long line of cases involving observations made from areas open to the public and those made after entry onto the defendant's property. (See *People v. Camacho* (2000) 23 Cal.4th 824, 831-834, 837 [98 Cal.Rptr.2d 232, 3 P.3d 878];

*Lorenzana v. Superior Court, supra,* 9 Cal.3d at pp. 631-634, 641.) We can find no California cases, nor does defendant cite any, where a search has been held invalid under the federal Constitution because the police trespassed onto property *adjoining* a defendant's property.

To the contrary, the few courts addressing the issue in other jurisdictions have concluded that a search does not violate the Fourth Amendment simply because police officers trespassed onto a neighbor's property when making their observations. (See *Sarantopoulos v. State* (Fla. 1993) 629 So.2d 121, 122-123 [civil trespass on adjoining land to look into the defendant's backyard did not render search illegal]; *State v. Cook* (La.Ct.App. 1986) 482 So.2d 830, 831 [marijuana plants could have been observed by casual visitors to neighboring yards]; see also *U.S. v. Fields* (2d Cir. 1997) 113 F.3d 313, 322 [ultimate focus is on whether the defendant had a reasonable expectation of privacy rather than on the trespass itself]; *Doggett v. State* (Ala.Crim.App. 2000) 791 So.2d 1043, 1056 [defendant had no reasonable expectation of privacy in adjoining property and lacked standing to challenge landing of helicopter on that tract of land].)

"Expectations of privacy and property interests govern the analysis of Fourth Amendment search and seizure claims." (*United States v. Padilla* (1993) 508 U.S. 77, 82 [113 S.Ct. 1936, 1939, 123 L.Ed.2d 635] (*per curiam*).) The trial court's finding that the marijuana plants were in plain view to persons standing on the opposite side of that fence is supported by the record and essentially undisputed on appeal. Consequently, under the facts at issue here, defendant's Fourth Amendment rights stopped at his backyard fence because the plants were readily visible from his neighbor's property and he had no reasonable expectation of privacy in what could be seen from there. Thus, the search did not violate his constitutional rights.

### DISPOSITION

The order denying the motion to suppress is affirmed.

Bedsworth, J., and O'Leary, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 12, 2002.