644 So.2d 137 (1994)
STATE of Florida, Appellant,
v.
Loris Eudora LEWINSON, Appellee.
No. 93-04372.
District Court of Appeal of Florida, Second District.
October 21, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia E. Davenport, Asst. Atty. Gen., Tampa, for appellant.
Richard W. Bisconti, Tampa, for appellee.
PARKER, Judge.
The State of Florida appeals an order of the trial court granting a motion to suppress evidence seized without a warrant, specifically arguing that the contraband was not growing in a constitutionally protected area. We agree and reverse the trial court's order.
The state charged Loris Eudora Lewinson with one count of manufacturing cannabis in violation of section 893.13(1)(a), Florida Statutes (1991), and one count of possession of cannabis in violation of section 893.13(1)(f), Florida Statutes (1991). Lewinson filed a motion to suppress the evidence and an evidentiary hearing was held on that motion. Following the evidentiary hearing, the trial court entered an order finding that although probable cause existed to obtain a search warrant to seize the marijuana, Lewinson had a reasonable expectation of privacy on her land, and absent exigent circumstances, a warrantless seizure was unlawful. The evidence at the hearing revealed that a helicopter pilot on routine patrol first observed the marijuana. The pilot was flying at a legal height of 500 feet when he observed marijuana growing behind Lewinson's house. The pilot called a deputy in a patrol car, and the deputy went to Lewinson's property to investigate. The deputy entered the front of Lewinson's property through the front gate and then walked down the side yard. The deputy could observe the marijuana once he was twenty-five feet past the front gate. Lewinson approached the deputy, at which time the deputy asked her her name and advised her as to why he was there and of her Miranda rights. Lewinson admitted to the deputy that she was growing the marijuana.
*138 Lewinson's property consists of approximately two and one-half acres. The perimeter of the property is entirely enclosed by a chain-link or barbed-wire fence or barbed-wire fence with wooden slats. The house and yard are enclosed in the perimeter fence. The house is located seventy to eighty feet from the front gate. The fields are located behind the house and are separated into sections with barbed wire and hog wire three or four feet high. There is a chain-link/barbed-wire fence separating the house from the fields in which the marijuana was growing. Crops, goats, and calves are kept in the separated areas with some of the animal pens fenced with wooden slats. There is no privacy fence. A utility shed is located approximately seventy-five feet from the residence and outside the yard fence which separates the house from the fields.
The first plot of land on which the marijuana was growing is a garden area surrounded by a hog-wire fence located seventy-five feet from the residence and adjacent to the utility shed. The utility shed and this plot of land are both outside of the fence separating the residence from the rest of the property. The second patch on which marijuana was growing was 250 feet from the residence and is also located outside of the fence separating the house from the property. The second plot is also fenced with hog wire and wooden slats. There are woods behind this field.
The state and Lewinson agree that viewing the property from the aircraft does not constitute a search requiring a warrant. See Florida v. Riley, 488 U.S. 445, 109 S.Ct. 693, 102 L.Ed.2d 835 (1989). The question for this court is whether a warrant was necessary in order to seize the marijuana on Lewinson's property. We agree with the state that a warrant was not necessary to seize the marijuana because it was not located in the curtilage area associated with the home and therefore was not located on constitutionally protected areas. See Oliver v. U.S., 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984).
In United States v. Dunn, 480 U.S. 294, 301, 107 S.Ct. 1134, 1139, 94 L.Ed.2d 326 (1987), the United States Supreme Court set forth the following four factors to consider in determining whether an area falls within the curtilage: (1) the distance between the area claimed as curtilage and the home; (2) whether the area is within an enclosure surrounding the house; (3) how the area is used; and (4) how the owner protects the area from observation by others. In applying these factors to the case in Dunn, the court concluded that a barn located on the defendant's property was not within the curtilage area. There, the defendant's ranch was enclosed by a perimeter fence, and several interior fences separated portions of the property. There was also a fence separating the barn from the residence, and the barn was located fifty yards from the fence surrounding the home and sixty yards from the home itself. The Court determined that the barn was not within the curtilage area because the barn was not located within the fence surrounding the home, the barn was not being used for intimate activities of the home, and the owner did little to protect the barn from observation by those standing in open fields.
The facts in this case are similar to those in Dunn. Lewinson's two and one-half acre property is also surrounded by a perimeter fence; however, the home is separated from the fields and the utility shed by a barbed-wire fence. The shed and the fields are not utilized for intimate activities of the home. Finally, although no other home could be observed from Lewinson's property, the perimeter of the property is enclosed only by barbed wire or barbed wire with wooden slats to corral the farm animals, not to prevent others from viewing the property.
Based on these facts, we conclude that the marijuana was not located in the curtilage area of Lewinson's property; therefore, the trial court erred in granting Lewinson's motion to suppress. Accordingly, we reverse the trial court's order granting the motion to suppress and remand this case to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
FRANK, C.J., and FULMER, J., concur.