RYDER, Acting Chief Judge.
Sharon Abel was charged with manufacture of a controlled substance[1] after law enforcement officers seized marijuana plants from the lanai of her home without obtaining a search warrant. After the trial court denied her motion to suppress evidence, she pleaded nolo contendere to the charge, reserving her right to appeal the denial of that dispositive motion. We agree with Mrs. Abel’s contention that the evidence against her was obtained as the result of an illegal seizure. We, therefore, reverse and remand to the trial court to discharge her.
Two Collier County Sheriffs deputies, acting on an anonymous tip that marijuana was growing in Mrs. Abel’s backyard, approached the home she owned with her husband. The officers walked between the lawn of the residence and a wooded section of the Abels’ property to a vantage point where they could see the rear of the house. Using binoculars, they spotted six or seven marijuana plants sitting on a picnic table on the lanai of the residence. Without securing a search warrant or obtaining the homeowners’ permission, the officers seized the pots and removed the plants. While they were doing this, a third deputy knocked on the front door and determined that no one was home. A neighbor arrived and put the deputies in touch with the Abels. Mrs. Abel came home and admitted that she owned the marijuana plants. The officers arrested her, and she was later charged with manufacture of a controlled substance.
At the outset, we note that even though the deputies walked on the Abels’ property to observe the marijuana, this was not an illegal entry. United States v. Dunn, 480 U.S. 294, 303-304, 107 S.Ct. 1134, 1141, 94 L.Ed.2d 326 (1987) (no constitutional violation occurred when officers crossed the defendant’s perimeter fence and several other interior fences in order to look into defendant’s barn; government intrusion on an open field is not an unreasonable search proscribed by the Fourth Amendment). In Dunn, however, the officers used the information gained from their observations at the barn to procure a search warrant. The warrant was executed and the contraband seized. See also Sarantopoulos v. State, 629 So.2d 121 (Fla.1993) (officers obtained search warrant after observing marijuana growing in defendant’s backyard by peering over a wooden fence). In contrast, the issue here is whether the warrantless seizure of the marijuana plants violated Mrs. Abel’s Fourth Amendment rights.
The resolution of this issue turns on whether the lanai on which the plants were growing was within the curtilage of Mrs. Abel’s home. The Fourth Amendment pro *1123 tects the curtilage of a house. Dunn, 480 U.S. at 300, 107 S.Ct. at. 1139; cf. State v. Lewinson, 644 So.2d 137 (Fla. 2d DCA 1994) (trial court erred in suppressing marijuana seized without a warrant when the plants were growing outside the curtilage of the defendant’s home) (emphasis supplied). Law enforcement officers must obtain a warrant, or some exception to the warrant requirement must exist, before they can enter a protected area and seize contraband. State v. Rickard, 420 So.2d 303, 305 (Fla.1982).
In Lewinson, we adopted the four-part test enunciated in Dunn to determine whether an area falls within the curtilage[2]: (1) the distance between the home and the area; (2) whether the area is within an enclosure surrounding the house; (3) how the area is used; and (4) how the owner protects the area from the observation of others. Lewin-son, 644 So.2d at 138 (citing Dunn, 480 U.S. at 301,107 S.Ct. at 1139). Applying this test to the facts at hand, we hold that the lanai is within the curtilage of Mrs. Abel’s home. It abuts the residence and is connected to the house by sliding glass doors. The Abels apparently use it for intimate home activities, such as eating, because it contains a picnic table. While the area is not enclosed, it cannot be easily observed. The lanai is behind the house. The house is on acreage, one side and the back of which is surrounded by woods. The other side abuts Mr. Abel’s mother’s property.
The marijuana was, therefore, seized from a constitutionally protected area. The officers did not obtain a search warrant, nor has any argument been raised that an exception to the warrant requirement applied. As such, their seizure of the marijuana plants was illegal. See Rickard, 420 So.2d at 307. We reverse the trial court’s denial of Mrs. Abel’s motion to suppress evidence, and remand with directions to discharge her.
Reversed and remanded.
LAZZARA and WHATLEY, JJ., concur.

. § 893.13, Fla.Stat. (1993).

. In State v. Hamilton, 660 So.2d 1038 (Fla. 1995), our supreme court held that the term curtilage as used in the burglary statute carried a requirement that the area have some form of enclosure. See § 810.011(1), Fla.Stat. (1991). The court narrowly interpreted the definition of curtilage in the burglary context because criminal statutes must be construed in favor of the person against whom a penalty is imposed. 660 So.2d at 1044 (citing § 775.021(1), Fla.Stat. (1993)). Nothing in the Hamilton decision indicated its definition of the term curtilage would apply in a search and seizure analysis. The court, in fact, noted that focusing on the privacy of the home made good sense in the search and seizure context and that Dunn held the existence of an enclosure was only one factor to be considered in determining whether an area was entitled to Fourth Amendment protection. 660 So.2d at 1042-1043.