744 So.2d 1145 (1999)
Tauric Lamar GRIGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 99-2226.
District Court of Appeal of Florida, Fourth District.
October 27, 1999.
Tauric Lamar Griggs, Arcadia, pro se.
No appearance required for appellee.
PER CURIAM.
Tauric Lamar Griggs (appellant) appeals from an order summarily denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, and the order denying his motion for rehearing. We affirm in part and reverse in part.
Appellant was convicted of one count of robbery with a firearm, a specific intent crime, and was sentenced to life in prison with a fifteen year mandatory minimum as a habitual violent felony offender. The first ground of appellant's rule 3.850 motion alleged the ineffectiveness of counsel for failing to pursue a defense of temporary insanity by reason of voluntary intoxication, or a voluntary intoxication defense, as appellant had told counsel of his long history of substance abuse and of the fact that he had smoked two marijuana cigarettes, three crack cocaine rocks and had drunk a 16-oz. can of malt liquor beer about twenty minutes before the crime and had been drinking and smoking the same all day long. Instead, counsel had pursued a misidentification defense, which appellant argued was unreasonable in light of the victim's eyewitness identification, the victim's testimony that he knew appellant as a previous regular customer, and the surveillance camera photos presented at trial. The trial court denied the motion, relying on the state's response that the use of the misidentification defense instead of the voluntary intoxication defense was sound trial strategy under the circumstances.
We agree with appellant that "a trial court's finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing." Guisasola v. State, 667 So.2d 248, 249 (Fla. 1st DCA 1995) (reversing summary denial of claim that counsel was ineffective in investigation and presentation of voluntary intoxication defense).
We affirm as to appellant's other two grounds, reverse as to the first ground, and remand for either an evidentiary hearing or the attachment of portions of the *1146 record which conclusively refute appellant's claim.
WARNER, C.J., FARMER and HAZOURI, JJ., concur.