838 So.2d 650 (2003)
Donnie K. SASSNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1890.
District Court of Appeal of Florida, First District.
February 28, 2003.
*651 James T. Miller, Jacksonville, for Appellant.
Charlie Crist, Attorney General, Janelle C. Gillaspie, Assistant Attorney General, Tallahassee, for Appellee.
ERVIN, J.
We affirm without comment most of appellant's 15 postconviction claims, because they are either facially insufficient or refuted by the record. After reviewing the state's Toler[1] brief, we now reverse and remand for further proceedings as to four of those claims.[2]
*652 First, appellant contends that his burglary conviction is invalid because the statute under which he was prosecuted, section 810.02, Florida Statutes (1995), was part of Chapter 95-184, Laws of Florida, which the Florida Supreme Court held was unconstitutional and void in its entirety in Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court denied this claim for the reason that Heggs invalidated the 1995 sentencing guidelines, and, because appellant had been sentenced as a habitual felony offender (HFO), rather than under the guidelines, Heggs did not apply. Although the trial court correctly found that Heggs did not affect HFO sentences, it failed to address appellant's allegation that Heggs voided the burglary statute under which he was prosecuted. The state, in its Toler brief, agrees that the trial court's order and the attachments thereto fail to demonstrate appellant is not entitled to relief; therefore, we reverse and remand as to this point with directions for the lower court to attach portions of the record that demonstrate appellant is not entitled to relief or to hold an evidentiary hearing as to it.
Second, appellant claims that counsel was ineffective, because he failed to argue the elements of burglary of a dwelling. More particularly, appellant argues that he was convicted of burglary of a dwelling, but the facts showed that the building burglarized was a detached garage which was not within the curtilage of the victim's home; nevertheless, counsel failed to argue that the garage was not within the curtilage.
The state, in its Toler brief, admits that the order and attachments fail to show that appellant is not entitled to relief, and we agree. Appellant has stated a legally sufficient claim of ineffective assistance of counsel by alleging his lawyer failed to delineate the elements of burglary of a dwelling or pursue lesser offenses, including that of burglary of a structure. Moreover, appellant has alleged prejudice in that burglary of a structure is a third-degree felony, whereas burglary of a dwelling is a second-degree felony, and the record before us shows that appellant burglarized a detached garage, and nothing in the attachments discloses that it was enclosed by a fence. Pertinent case law establishes that burglary of a detached garage not enclosed together with the home by a fence does not constitute burglary of a dwelling under the 1993 burglary statute. See Martinez v. State, 700 So.2d 142 (Fla. 5th DCA 1997).
The trial court's reasoning for not finding that appellant's allegations did not make out a prima facie showing of prejudice was that the burglary jury instruction defines "structure" as "any building of any kind, either temporary or permanent, that has a roof over it, and the enclosed space of ground and outbuildings immediately surrounding that structure." Fla. Std. Jury Instr. (Crim.) p. 203 (emphasis added). This explanation does not, however, address appellant's curtilage or fencing issue. See State v. Hamilton, 660 So.2d 1038 (Fla.1995). Because appellant has satisfied both prongs of the Strickland[3] test, we reverse the summary denial of this claim and remand for further proceedings.
Third, appellant contends that counsel was ineffective for failing to investigate a possible intoxication defense. The trial court denied the motion on this point, because *653 the voluntary-intoxication defense is inconsistent with the misidentification defense counsel presented; therefore, appellant could not benefit from both defenses. The state's Toler brief supports the trial court's conclusion.
We disagree. Appellant set forth a facially sufficient claim by alleging he "was drinking alcohol and smoking crack cocaine before and while he was looking for work that day," and that "he was very intoxicated that day." He also alleged that he had given his attorney such information, but that counsel did not investigate an intoxication defense. These allegations are sufficient to warrant further inquiry regarding counsel's strategy on such issue. See Hester v. State, 732 So.2d 331 (Fla. 1st DCA 1998); Harley v. State, 753 So.2d 693 (Fla. 4th DCA 2000); Griggs v. State, 744 So.2d 1145 (Fla. 4th DCA 1999).
Fourth, appellant claims ineffective assistance of counsel by not properly investigating and preparing the misidentification defense in that counsel failed to obtain a store surveillance videotape that was filmed before the burglary, which would have shown how appellant looked, particularly his hairstyle, at the time of the burglary. The trial court failed to address this claim in its order; therefore, we reverse and remand for further proceedings on this point.
AFFIRMED in part, REVERSED in part, and REMANDED with directions to attach those portions of the record that demonstrate appellant is not entitled to relief on the above claims or to hold an evidentiary hearing.
BARFIELD and WOLF, JJ., concur.
NOTES
[1] Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986).
[2] Two of these claims, i.e., ineffective assistance of counsel regarding the elements of burglary and the voluntary-intoxication defense, are duplicated in the motion. Thus, while they appear as four separate claims, we consider them as two.
[3] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).