859 So.2d 611 (2003)
James Dion McALLISTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-4684.
District Court of Appeal of Florida, First District.
November 26, 2003.
Nancy A. Daniels, Public Defender, and Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
Appellant, James McAllister, seeks review of his conviction for burglary of a *612 dwelling, a second-degree felony. Appellant also challenges the trial court's refusal to admit certain hearsay statements that appellant characterizes as "exculpatory." As to the evidentiary issue, we reject appellant's argument that the rule of completeness would have required the trial court to permit defense counsel to introduce appellant's statements through the testimony of a police officer, or through testimony of another witness who apparently overheard part of a conversation between appellant and the police officer. Because nothing in the record provides any definitive information as to the substance of the excluded statements, we affirm this issue without further discussion. As to the remaining issue, however, because the evidence introduced at trial was sufficient only to convict appellant of burglary of a structure, a third-degree felony, we reverse the conviction for burglary of a dwelling and remand with instructions.
At trial, the State produced evidence sufficient to make a case that appellant burglarized a garage owned by Geraldine Small. Small testified that while cleaning her refrigerator, she heard a noise in the garage. She went to "the door," looked out, and saw an automobile parked perpendicular to her driveway. She then opened the door and saw McAllister "in our garage and he had one of our Coleman lamps in his hand." The evidence presented at trial thus establishes that appellant entered the garage with intent to commit a theft. The question on appeal is whether the evidence is sufficient to sustain a conviction for burglary of a dwelling.
The burglary statute defines "dwelling" as "a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof." § 810.011(2), Fla. Stat. (2001). At trial, appellant moved for judgment of acquittal, relying on what counsel characterized as a lack of evidence "that the garage was sufficiently attached to the house to establish the element of a dwelling...." The trial court denied that motion.
On appeal, appellant argues that this court must reverse under the decision in Martinez v. State, 700 So.2d 142 (Fla. 5th DCA 1997). In Martinez, the burglarized garage was not attached to the home, nor were the improvements on the property enclosed by a fence. Relying on State v. Hamilton, 660 So.2d 1038 (Fla.1995), the Fifth District reversed Martinez' conviction for burglary of a dwelling because the evidence showed neither that the garage was part of the dwelling, nor that the garage and the dwelling were "sufficiently demarcated from the surrounding land so as to be enclosed," thus meeting the court's definition of curtilage. Martinez, 700 So.2d at 143. This court has cited Martinez as the "pertinent case law" establishing that burglary of a detached garage not enclosed together with the home by a fence does not constitute burglary of a dwelling. See Sassnett v. State, 838 So.2d 650, 652 (Fla. 1st DCA 2003).[*] Accordingly, unless Small's garage was either attached to the house or enclosed substantially along with the house, appellant is guilty of burglary of a structure, not burglary of a dwelling.
We conclude that Small's testimony was not inconsistent with appellant's theory that the garage in question was not part of a dwelling. The assistant state attorney failed to elicit information from Small identifying *613 which door she peered out of, or whether that door was the same door she opened when she saw appellant at what she characterized as a very close distance. In fact, Small's testimony is consistent with her having looked out a door facing the street, rather than a door entering a garage, given her testimony that when she looked out the door, she saw an automobile parked in the street perpendicular to her driveway. Although the State argues that Small must have looked out her kitchen door into the garage, a fair reading of her testimony will not establish such fact. The State apparently accepts the authority of Martinez because its brief does not mention or discuss that case in any attempt to criticize or distinguish its holding. The State can make no persuasive argument with regard to curtilage because the trial record contains no evidence at all as to that factor.
We REVERSE appellant's conviction and sentence for burglary of a dwelling, and REMAND to the trial court with directions to enter a judgment of guilty of the lesser charge of burglary of a structure.
ERVIN and BOOTH, JJ., concur.
NOTES
[*] Although Sassnett refers to the 1993 version of the burglary statute, subsequent amendments to the statute, including the 1996 amendment, did not alter the meaning of "dwelling" for purposes of the present case. See Ch. 96-388, § 47, at 2337, Laws of Fla.