892 So.2d 1199 (2005)
Vincent PARRISH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3330.
District Court of Appeal of Florida, Fourth District.
February 9, 2005.
Vincent Parrish, Indiantown, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph Tringali, Assistant Attorney General, West Palm Beach, for appellee.
*1200 PER CURIAM.
Vincent Parrish (Defendant) appeals from the order summarily denying his rule 3.850 motion for post-conviction relief and the order denying his motion for rehearing. We affirm without discussion the denial of his first and his third through fifth grounds for relief, but we reverse as to the second ground, as to which the state properly agrees that remand is necessary. Defendant claimed his trial counsel was ineffective in failing to inform him of the defense of voluntary intoxication and in failing to request an instruction on voluntary intoxication after evidence was adduced at trial to support such an instruction, which would have been a defense to the specific intent crime of armed robbery.[1]See Griggs v. State, 744 So.2d 1145 (Fla. 4th DCA 1999); Sassnett v. State, 838 So.2d 650, 652-53 (Fla. 1st DCA 2003).
Affirmed in part, reversed in part, and remanded.
GUNTHER, STONE and POLEN, JJ., concur.
NOTES
[1] Section 775.051, Florida Statutes, provides that voluntary intoxication is no longer a defense to specific intent crimes, effective October 1, 1999; however, Defendant was not precluded from using the defense because the offense occurred in 1996.