PER CURIAM.
Scottie Mack appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a).
We affirm the denial of the claim of defendant-appellant Mack under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Ap-prendi decision does not apply to sentences under Florida’s prison releasee reoffender statute. See Gudinas v. State, 879 So.2d 616, 618 (Fla.2004); Robinson v. State, 793 So.2d 891, 892-93 (Fla.2001); McGregor v. State, 789 So.2d 976, 977-78 (Fla.2001).
The defendant’s claim that his crime should have been classified as burglary of an unoccupied, rather than occupied, structure has already been decided against him in a previous motion under Florida Rule of Criminal Procedure 3.850, and is thus barred. Even if the issue were properly before us, the claim has no merit. See McAllister v. State, 859 So.2d 611, 612 (Fla. 1st DCA 2003) (burglary of a garage which is attached to a house is burglary of a dwelling).
Affirmed.