PER CURIAM.
Robert McDannold appeals the summary denial of his 3.850 postconviction motion. We affirm the trial court’s order and write only to address two issues.
In ground eight of the postconviction motion, appellant argues defense counsel rendered ineffective assistance by not objecting to improper bolstering of the state’s expert witness — Dr. Aruzza. Although the doctor’s reference to the “study” was indeed improper, see Schwarz v. State, 695 So.2d 452, 455 (Fla. 4th DCA 1997), the record attachments provided by the trial judge conclusively refute appellant’s claim that, in the absence of the “bolstered” testimony, the outcome of the trial may have been different. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring defendant to show defense counsel’s purported error undermined confidence in outcome of trial). Here, the record contains substantial testimony from Dr. Aruz-za, based on her personal experience and expertise, that two separate blows to the head caused the child’s fatal injuries, not a single fall from a bed. Accordingly, even in the absence of the minimal bolstering, Dr. Aruzza’s testimony dismissed a fall from a bed as a possible cause of the victim’s fatal skull and brain injuries. See Theus v. State, 922 So.2d 391, 391(Fla. 1st DCA 2006) (holding improper bolstering of expert testimony amounted to harmless error pursuant to State v. DiGuilio, 491 So.2d 1129 (Fla.1986)).
The second issue we address is appellant’s eleventh ground for relief, which appellant presented in a second supplement to the original motion. The trial judge failed to address this ground in the final order. Although we would generally remand an issue not addressed by a trial court in a postconviction motion, see, e.g., Sassnett v. State, 838 So.2d 650 (Fla. 1st DCA 2003), we deny appellant’s claim as facially invalid. When arguing that newly discovered evidence calls for a new trial, a defendant must show that the evidence was “ ‘unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence.’ ” Jones v. State, 591 So.2d 911, 916 (Fla.1991) (quoting Hallman v. State, 371 So.2d 482, 485 (Fla.1979)). The defendant is also required to demonstrate the evidence is “of such na *322 ture that it would probably produce an acquittal on retrial.” Id. at 915. Here, appellant fails to make either showing.
AFFIRMED.
BARFIELD, KAHN and PADOVANO, JJ., concur.