973 So.2d 630 (2008)
Anthony SMALLS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-6464.
District Court of Appeal of Florida, First District.
January 28, 2008.
Anthony Smalls, pro se, Appellant.
Bill McCollum, Attorney General, Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand for further proceedings.
Pursuant to a guilty plea, appellant was sentenced as an habitual felony offender to 15 years in prison for burglary of a dwelling, concurrent with one year in prison for battery. In his motion, appellant raised several claims. We affirm without discussion the summary denial of all except the claim that his guilty plea was involuntary because his counsel advised him to enter the plea to burglary of a dwelling when no factual basis existed to support the charge. Specifically, appellant alleges that, had his counsel been aware of the definition of a dwelling, he would have known that the detached garage involved in appellant's crime did not qualify as a dwelling. Appellant further alleges that, had his counsel properly advised him regarding the elements of burglary of a dwelling, he would not have entered a plea.
Before appellant entered his plea, the state offered its factual basis, which included the representation that appellant broke into a detached garage in the victim's enclosed yard. Unfortunately, appellant was not asked whether the state's recitation of the facts was accurate. A detached garage may qualify as part of a dwelling if the yard is "substantially enclosed." See McAllister v. State, 859 So.2d 611 (Fla. 1st DCA 2003). However, appellant has alleged that the victim's yard was not "substantially enclosed" and that, as a result, the garage did not qualify as part of a dwelling. The portions of the record attached by the trial court to its order do not establish that the yard was, in fact, "substantially enclosed." If appellant's allegation is correct, no factual basis existed to support a conviction for burglary of a dwelling. Appellant further claims that he would not have entered his guilty plea but for his counsel's ineffectiveness. As such, *632 appellant's allegations constitute a facially sufficient claim for ineffective assistance of counsel. See Brazeail v. State, 821 So.2d 364, 367-68 (Fla. 1st DCA 2002) (stating that the prejudice prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is satisfied when the defendant states that, but for counsel's errors, he would not have pleaded guilty); Sassnett v. State, 838 So.2d 650, 652 (Fla. 1st DCA 2003) (reversing a summary denial of a rule 3.850 claim for ineffective assistance of counsel because defense counsel appeared to have been unfamiliar with the elements of burglary of a dwelling).
We reverse the summary denial of that portion of appellant's motion that claims his attorney was ineffective because the attorney advised him to enter a plea to burglary of a dwelling when no factual basis existed to support that charge. Should the trial court again summarily deny this claim on remand, it shall attach to the order such portions of the record as conclusively show that appellant is entitled to no relief; otherwise, it shall hold an evidentiary hearing. In all other respects, the order is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WEBSTER, BENTON, and POLSTON, JJ., concur.