PER CURIAM.
 

 Appellant, Anthony Smalls, seeks review of an order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Appellant’s claim that his counsel was ineffective for advising him to plead guilty to burglary of a dwelling when no factual basis existed to support the plea has not been conclusively refuted, we reverse the order and remand with instructions to hold an evidentiary hearing and to appoint counsel to assist Appellant.
 

 Appellant pled guilty to burglary of a dwelling and battery in July 2003. The trial court sentenced him as a habitual felony offender to fifteen years’ imprisonment on the burglary offense and to one year imprisonment on the battery offense, with the sentences to run concurrently. Appellant filed a rule 3.850 motion, raising two claims for relief, and an addendum, raising the claim at issue. Appellant alleged that had counsel informed him that the burglary he committed was a third-degree felony by virtue of the fact that the victim’s yard was not enclosed so as to include the detached garage within the curtilage, he would not have pled to burglary of a dwelling, a second-degree felony. In September 2006, the trial court summarily denied relief as to this claim, relying on the prosecutor’s assertion at the plea hearing that the garage was in the victim’s enclosed yard. We reversed the order in part and remanded for record attachments conclusively refuting the claim or for an evidentiary hearing.
 
 See Smalls v. State,
 
 973 So.2d 630 (Fla. 1st DCA 2008).
 

 On remand, the trial court denied Appellant’s motion to appoint postconviction counsel. The State filed a response to Appellant’s postconviction relief motion and attached copies of photographs of what it claimed was the victim’s home and detached garage. The photographs were allegedly taken close in time to the actual burglary and were located in the “state attorney file.” The State admitted below that the photographs had not been previously admitted into evidence. Although the trial court held a hearing, the State acknowledges on appeal that it was not an evidentiary hearing.
 

 
 *608
 
 The court thereafter denied Appellant’s postconviction relief motion, relying on the copies of the photographs attached to the State’s response. It found no deficiency on Appellant’s counsel’s part in advising Appellant to plead because, according to it, the copies of the photographs showed that the garage was located in close proximity to the victim’s house, there was a chain-link fence on the backside of the property “directly behind the detached garage,” and there was a row of shrubs “which separates the detached garage from the closest neighbor.” It concluded, “[b]ased on the evidence,” that the detached garage was well within the curtilage of the dwelling to be considered part of the dwelling. It attached copies of the photographs to its order. Appellant appealed. The State subsequently filed additional copies of the photographs with this Court.
 

 As we have explained, unless a garage is attached to a house or is substantially enclosed along with a house, a defendant who burglarizes the garage is guilty of burglary of a structure, not burglary of a dwelling.
 
 See McAllister v. State,
 
 859 So.2d 611, 612 (Fla. 1st DCA 2003);
 
 see also Sassnett v. State,
 
 838 So.2d 650, 652 (Fla. 1st DCA 2003) (“Pertinent case law establishes that burglary of a detached garage not enclosed together with the home by a fence does not constitute burglary of a dwelling....”). Thus, the pivotal issue in this case was whether the detached garage was substantially enclosed along with the victim’s house.
 

 In determining that the detached garage was part of the dwelling because it had a chain-link fence directly behind it and because there was a row of shrubs separating it from the closest neighbor, the court impermissibly relied upon photographs that were not part of the record in this case.
 
 See
 
 Fla. R.Crim. P. 3.850(d);
 
 see also Johnson v. State,
 
 736 So.2d 713, 714 (Fla. 2d DCA 1999) (holding that documents that were outside of the official record could not be used to conclusively refute the appellant’s postconviction claims). As such, the photographs did not conclusively refute Appellant’s claim.
 
 [1]
 

 Accordingly, we reverse the trial court’s order and remand with instructions to hold an evidentiary hearing on Appellant’s claim and to appoint counsel to assist Appellant.
 

 REVERSED and REMANDED with instructions.
 

 KAHN, DAVIS, and CLARK, JJ., concur.
 

 [1]
 

 . Even if the photographs had been part of die record in this case, neither the copies attached to the Slate’s response nor the copies attached to the court's order support the court's findings given the poor quality of the copies. While the copies of the photographs contained in the supplemental record show slightly more detail, they do not show whether the fence that is to the right of the garage continues behind the garage. Nor do they show whether the shrubbery that is in front of the garage borders the left side of the garage, thereby separating it from the closest neighbor.