57 So.3d 924 (2011)
J.L., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D10-1907.
District Court of Appeal of Florida, Fifth District.
March 25, 2011.
*925 James S. Purdy, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
J.L. was found guilty, after an adjudicatory hearing, of burglary of a dwelling and petit theft. He appeals the trial court's denial of his motion for judgment of dismissal as to the burglary count only.[1] Specifically, J.L. contends that the State failed to prove that the yard from which the victim's personal property was taken was sufficiently enclosed so as to constitute curtilage of the victim's house. We agree.
The evidence established that J.L. stole a go-cart, a four-wheeler, and a skateboard from the victim's yard. These items were leaning against the side of the victim's residence. The entire extent of the testimony regarding the "enclosure" of the victim's yard came from the victim's mother. She testified that there was a fence "in the back" and a fence "between . . . my house and my neighbor's house." There was no testimony as to the distance of these fences from the house, whether the two fences connected to each other, or even whether there was a fence on the side of the house from which the victim's personal property was taken.
To prove the offense of burglary of a dwelling, the State was required to prove that J.L. entered a "dwelling" with the intent to commit an offense therein. § 810.02(1)(b)1., Fla. Stat. (2009). "Dwelling" is defined to mean:
[A] building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed *926 to be occupied by people lodging therein at night, together with the curtilage thereof.

§ 810.011(2), Fla. Stat. (2009) (emphasis added). There was no contention or evidence that J.L. entered the house in which the victim resided. The issue was whether J.L. entered the building's curtilage.
The Florida statutes do not provide a definition for the word "curtilage." However, in State v. Hamilton, 660 So.2d 1038 (Fla.1995), the Florida Supreme Court determined that there must be "some form of an enclosure" in order for the area surrounding a residence to be considered part of the curtilage as referenced in the burglary statute. Hamilton, 660 So.2d at 1044. Subsequently, in Martinez v. State, 700 So.2d 142 (Fla. 5th DCA 1997), this court relied on Hamilton in concluding that an unattached garage located at the south end of the victim's property was not a part of the residence's curtilage, notwithstanding that the victim's yard had fences on its north and east borders. It is difficult to distinguish Martinez from the instant case.
The fact that the stolen personal property was leaning against the victim's residence does not require a different result. The stolen items clearly were not attached to, nor a part of, the victim's house. In Hamilton, our supreme court opined that the Legislature did not intend the burglary statute to be applied to an individual who, without the homeowner's consent, enters an open yard with the intent to take a piece of fruit from a tree located in the yard. To accept the State's suggestion that curtilage necessarily includes an item that touches (but is not attached) to the house would mean that a burglary of a dwelling would occur if an individual took a fruit from a tree in an open yard when the fruit happened to be touching the house. We similarly conclude that the Legislature did not intend the burglary statute to be so applied.
While the State's evidence was insufficient to prove a burglary, it was (as J.L. acknowledges) sufficient to prove the lesser included offense of trespass.[2] Section 924.34, Florida Statutes (2009), provides that when an appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment but direct the trial court to enter judgment for the lesser included offense. See also I.T. v. State, 694 So.2d 720, 724 (Fla.1997). Accordingly, we reverse the judgment for burglary of a dwelling and remand with instructions to enter judgment on the offense of trespass.
REVERSED and REMANDED.
PALMER and COHEN, JJ., concur.
NOTES
[1] Fla. R. Juv. P. 8.110. Adjudicatory Hearings

(k) Motion for Judgment of Dismissal. If at the close of the evidence for the petitioner, the court is of the opinion that the evidence is insufficient to establish a prima facie case of guilt against the child, it may, or on the motion of the state attorney or the child, shall enter an order dismissing the petition for insufficiency of the evidence.
[2] § 810.09(1)(a)2., Fla. Stat. (2009).