PIERCE, Chief Judge.
In this case appellant Broward Davis appeals to this Court from an order denying a post-conviction motion for relief under CrPR 1.850, 33 F.S.A.
On July 10, 1967, information was filed in the Polk County Criminal Court of Record charging Davis with the offense of escaping from official custody. Upon his plea of guilty he was so adjudged by the Court and sentenced to a term of one year imprisonment in the State Prison.
The facts relied upon in the motion are that “at no time was a plea entered in court to the information” charging that he escaped; “at no time did the petitioner plead to the charge of escape”; and that “at no time did he escape or even attempt to escape” from the authorities at the Avon Park Prison where he apparently was incarcerated.
It affirmatively appears from the record that the allegations of the motion are not true. A summary denial, without hearing, of the motion was therefore proper. But we observe one fatal defect in the judgment of conviction to which the motion for relief was addressed which we cannot, even in this process of appeal, ignore. The record brought here shows that the judgment of conviction entered against Davis, and upon which sentence was imposed, recited that on July 12, 1967, Davis appeared before the trial Court with his counsel, the Court-appointed Public Defender, and after being duly arraigned “did then and there freely and voluntarily plead guilty to the Information filed in said cause” (which information charged that, while serving sentence of fifty years in the State Prison upon conviction of robbery, he had escaped from custody, thereby violating F.S. § 944.40, F.S.A.). The judgment thereupon continues:
“THEREFORE, the Court adjudges you, Broward Davis, to be guilty of the offense of Escaping From The Custody of The Commission of Agriculture Of The State of Florida, and it is the sentence, order and judgment of the Court that you, Broward Davis, be confined in the State Prison of Florida, at hard labor for a term of One (1) Year, said sentence to begin at expiration of present sentence.” (Emphasis ours).
F.S. § 945.09, F.S.A. provides that “All prisoners sentenced to the state penitentiary shall be committed by the Court to the custody of the division [of adult corrections] * * * ” as provided and activated by F.S. Ch. 945, F.S.A.
By the Constitution of 1885 and the statutes pursuant thereto all State Prisons were generally under the direction and supervision of the Florida Commissioner of Agriculture and all State Prisoners were technically in the official custody of the Commissioner. But in 1957, by c. 57-213, custody of such prisoners was placed in the Department of Corrections of the Board of Commissioners of State Institutions. This was further amended in 1969 by c. 69-106, which specifies such custody to be in the “Division of Adult Corrections” under control of the Board of Commissioners of State Institutions.
Such statutory changes were harmonized in the Constitution of 1968.
The judgment, therefore, entered against Davis as hereinbefore quoted was erroneous because on July 10, 1967, when the information was filed and on July 12, 1967 when the judgment was entered, the Commissioner of Agriculture had no official custody of state prisoners, hence there could be no such criminal offense as escaping from the Commissioner’s custody. Thus the judgment was patently void and the sentence of the Court, entered pursuant to that judgment, was likewise void. This being so, the motion for relief from that judgment and sentence, although not well founded upon the facts contained therein, should nevertheless have been granted and the judgment and sentence vacated because it was void on its face.
*81 It follows therefore that the order appealed from should be reversed, but without prejudice to the right of the trial Court to enter an amended or new judgment and sentence of the criminal charge of escaping from proper custody, it appearing that the information itself charged the correct offense under the then existing statute, and also without in anywise affecting the present or existing custody of Davis under any other sentence which he might be serving.
So ordered.
HOBSON and McNULTY, JJ., concur.