PER CURIAM.
Eric A. Randall appeals from the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Because the record fails to conclusively show that Randall is entitled to no relief under two of his claims, we reverse. See Fla.R.App.P. 9.140(g).
Randall claims that he was prejudiced by the trial judge’s failure to establish, in the record, the necessary factual basis for the plea, as required by Florida Rule of Criminal Procedure 3.172. See Williams v. State, 316 So.2d 267 (Fla.1975). The record before us does not show that the trial judge complied with this requirement. It also fails to show an absence of prejudice or manifest injustice as a result of any noncompliance with the rule. Williams, 316 So.2d at 275.
Randall also claims that his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him. See Brady v. Ma *37 ryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Mendyk v. State, 592 So.2d 1076, 1079 (Fla.1992). According to the allegations in Randall’s motion, he pled nolo contendere to aggravated battery on March 7, 1990, but, unbeknownst to him, the alleged victim had gone to the office of the state attorney on February 22, 1990, and filed an affidavit stating her desire not to prosecute and requesting that the charges be dismissed. Randall also alleges that if the state attorney’s office had informed him of this, he would not have pled to the charge. It is reasonable to assume that knowledge of the alleged victim’s actions would have been useful to Randall at trial. Clearly, this would have provided useful impeachment evidence. Accordingly, the allegations of the motion state a colorable claim under Brady that is not refuted by the record before us.
We reverse the order summarily denying Randall’s claims, and we remand this cause to the trial court. The trial court is directed to either conduct an evidentiary hearing or attach to its new order that portion of the files and records of this case which conclusively shows that Randall is entitled to no relief under the claims discussed above.
BOOTH, SMITH and ALLEN, JJ., concur.