848 So.2d 410 (2003)
Lisa Ann TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-4884.
District Court of Appeal of Florida, First District.
June 26, 2003.
*411 David M. Robbins and Susan Z. Cohen, of Epstein and Robbins, Jacksonville, for Appellant.
Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying her postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court failed to attach portions of the record to conclusively refute the appellant's claim that her conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to her, we reverse. We affirm all other issues raised in the appellant's motion without discussion.
The appellant pled guilty to DUI manslaughter and was sentenced to seven years' imprisonment followed by eight years' probation. The appellant alleged that the state failed to reveal several *412 pieces of evidence that would have been favorable to the appellant in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In order to establish a Brady violation, the appellant must show that (1) the evidence was favorable to the appellant, either exculpatory or for impeachment purposes, (2) the state suppressed the evidence, either willfully or inadvertently, and (3) the appellant was prejudiced by the suppression of the evidence. State v. Huggins, 788 So.2d 238, 242 (Fla.2001); see also Randall v. State, 604 So.2d 36 (Fla. 1st DCA 1992). In the context of a trial, an appellant must allege that the suppression of evidence undermines the confidence in the jury's verdict. Huggins, 788 So.2d at 243-244. In the context of a plea, an appellant must allege that he would not have entered a plea and proceeded to trial, but for the state's suppression of the favorable evidence. See Brazeail v. State, 821 So.2d 364 (Fla. 1st DCA 2002) (holding that where an appellant alleges that his plea was not knowingly and voluntarily entered, prejudice exists "because a defendant has been deprived of his constitutional right to a trial.").
In the instant case, the appellant alleged that the state failed to reveal the results of the blood test from the other driver involved in the accident which would have shown that the driver had alcohol and drugs in her system and the statements by a witness to the Florida Highway Patrol that indicated the driver of the other car was intoxicated, driving erratically, and talking on a cell phone at the time of the offense. (R. at 2, 3.) The appellant alleges that she was prejudiced by the state's action because she would not have entered a plea if she had known about the additional evidence. (R. at 6.) These allegations are sufficient to state a facially sufficient claim of a Brady violation.
Because the trial court never addressed the alleged Brady violation and there is nothing in the record to conclusively refute the appellant's claim that these violations occurred, we reverse the trial court's summary denial of the appellant's claim. We otherwise affirm the trial court's order, and remand for the trial court to either support its summary denial with record excerpts conclusively establishing that the appellant is entitled to no relief or to conduct an evidentiary hearing on the claim.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
ERVIN, WOLF, and BENTON, JJ., concur.