850 So.2d 676 (2003)
Jeffrey Kevin MULLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4242.
District Court of Appeal of Florida, Fourth District.
July 30, 2003.
*677 Jeffrey Kevin Mullins, Coleman, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Jeffrey Kevin Mullins appeals an order summarily striking his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. Appellant sought to withdraw three pleas entered in five different cases in 1986, 1987, and 1988, alleging under oath a veritable laundry list of reasons for the withdrawal of all the pleas. The state had filed a response below, giving cogent reasons why summary denial of the motion was appropriate. The trial court, without an evidentiary hearing or any record attachments whatsoever,[1] declined to consider the state's reasons for denial but instead struck the motion because it concluded that the motion was based upon false allegations of fact. The trial court noted in its order that not only had Appellant alleged the same exact unlikely factual scenarios surrounded all three of his plea colloquies, but six other defendants incarcerated in the same federal prison had filed motions challenging a total of thirty other pleas, also based on the exact same factual allegations.
In response to this court's order to show cause, the state reargues the merits, which were never ruled on below, and cites Davis v. State, 257 So.2d 79 (Fla. 2d DCA 1972), in which the court noted that when the record establishes that the allegations that support a motion for postconviction relief are untrue, then it is proper to deny the motion without a hearing. Here, however, the trial court did not attach to its order any portions of the record to establish that Mullins' allegations were untrue. The state takes the position that neither an evidentiary hearing nor record attachments were necessary because the motion was "procedurally defective." We disagree that the making of perjurious statements in a rule 3.850 motion constitutes a "procedural defect." Instead, when the trial court does not hold an evidentiary hearing, it must accept the movant's factual allegations as true to the extent they are not refuted by the record. See Valle v. State, 705 So.2d 1331, 1333 (Fla.1997). Compare Bogan v. State, 211 So.2d 74 (Fla. 2d DCA 1968) (noting that, when a trial court finds after a full hearing that the defendant's sworn statement was untrue, then the trial court should consider instituting contempt proceedings against the movant, or prosecuting the movant for perjury).
Accordingly, we reverse the order striking the motion and direct the trial court on remand to rule on the motion.
KLEIN, STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] If a rule 3.850 motion is not denied for legal insufficiency on its face, the trial court must attach the portions of the files and records showing conclusively that the movant is entitled to no relief. See Fla. R.Crim. P. 3.850(d).