906 So.2d 1212 (2005)
David R. POLK, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-2947.
District Court of Appeal of Florida, First District.
July 21, 2005.
*1213 Appellant, pro se.
Charlie Crist, Attorney General, and Edward C. Hill, Jr., Special Counsel Criminal Appeals, Tallahassee, for Appellee.
ERVIN, J.
David R. Polk appeals the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. In the order denying appellant's motion, the trial court ruled that because the claims of ineffective assistance of counsel did not qualify as newly discovered evidence, they were untimely filed and the court refused to consider them on the merits. We cannot agree. In that the record furnished to this court does not include the attachments referred to in the appealed order, and the motion sufficiently alleges grounds to excuse appellant's failure to seek postconviction relief *1214 within the two-year period provided in the rule, we reverse the summary denial and remand the cause with directions for the court either to attach portions of the record which conclusively refute the allegations of ineffective assistance, or to conduct an evidentiary hearing.
Because most of appellant's claims stem from his assertion that trial counsel was ineffective by failing to obtain the results of DNA testing, which would have excluded appellant as the perpetrator of a sexual offense on a minor child, and would have caused him not to enter a plea of no contest, we consider it necessary to set out in pertinent detail the essential facts alleged.
In May 1999, following his arrest for capital sexual battery on a child under the age of 12 years, appellant met with appointed counsel and informed him that he was innocent and confident that DNA test results would exonerate him, and he repeatedly asked counsel to obtain DNA results from the state. Counsel replied that the nature of the charge made it inadvisable to proceed to trial, that he had no information regarding DNA testing, and he urged appellant to accept a negotiated plea. In October, five months after his arrest, appellant received certain discovery materials produced by the state. This discovery material did not, however, include the Child Protection Team (CPT) report or the DNA report.
Appellant saw counsel again in January 2000, just before his court appearance. At that time, he was told of the state's offer that he plead to the lesser offense of lewd and lascivious assault and be given a sentence of 12 years' probation, which included the requirement that he register as a sexual offender. When appellant disagreed with the registration requirement, counsel responded that his chances of prevailing at trial were slim, and the plea agreement was his best option. Appellant signed the agreement, pleading nolo contendere to the lesser offense; whereupon the trial court imposed the agreed-upon sentence. Three weeks thereafter, appellant was designated a sexual predator, which he protested, contending he did not meet the statutory criteria for sexual predator designation. His probation officer contacted the Florida Department of Law Enforcement (FDLE) and was apprised that, indeed, appellant did not qualify. The officer nevertheless informed appellant that if he refused to register, his probation would be revoked. Appellant re-registered as instructed, then telephoned appointed counsel, raising his objections, and was told that the lawyer no longer represented him.[1]
The sexual-predator designation prevented appellant from transferring his probation to Georgia, where a job awaited him. He was required to move eight times in less than a year, and friends who had formerly provided him transportation to and from work and to sexual-offender classes thereafter refused to do so. On September 5, 2000, appellant called his new probation officer to explain that he was at a job site twenty miles from the probation office, and would be unable to reach the office by 5:00 p.m. Appellant alleged the probation officer told him not to worry about the delay, because his probation was being violated anyway. Two weeks later, appellant absconded.
In September 2001, appellant was arrested in Arkansas, and returned to Florida on charges that he had violated probation. Appellant alleged that when he explained to the court the circumstances leading him to abscond, the prosecutor *1215 asked if appellant had just admitted guilt, to which defense counsel responded "yes." The trial court sentenced appellant to nine years in prison, followed by a probationary term from January 5, 2001, until 2015. The excessive probationary period was later corrected on appeal.
During his incarceration, appellant requested his former counsel to send him the discovery that had been furnished by the state. The materials provided to him did not include the DNA test results. Later, appellant obtained, pursuant to a public-records request, a copy of the FDLE DNA Report, which excluded him as a donor of the sperm fraction obtained at the scene. Additionally, vaginal and anal swabs of the victim were negative for sperm, and test results of the sperm fraction taken from the victim's quilt indicated a member of the victim's family as the donor. Upon receiving the above information, appellant, in September 2003, filed the motion for postconviction relief, which is the subject of this appeal.
The validity of the lower court's summary denial of the 3.850 motion on the ground that it was untimely filed turns on whether the delay in filing can be excused because the claims asserted qualify as newly discovered evidence. Although rule 3.850(b) precludes the filing of such motion "more than 2 years after the judgment and sentence become final in a noncapital case," subsection (b)(1) relaxes the limitation period where "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence."
Florida's jurisprudence recognizes that in order "[f]or evidence to be considered newly discovered and sufficient to set aside a conviction," two requirements must be met:
First, in order to be considered newly discovered, the evidence "must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [of it] by the use of diligence."
Second, the newly discovered evidence must be of such a nature that it would probably produce an acquittal on retrial.
Ventura v. State, 794 So.2d 553, 570-71 (Fla.2001) (quoting Jones v. State, 709 So.2d 512, 521 (Fla.1998)).
In addition to his allegations that the claims were newly discovered, appellant specifically alleged that the evidence, if timely submitted, would have been exculpatory and was of such a nature that it would probably have resulted in a different outcome. As such, he alleged the existence of a violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which requires a defendant to demonstrate that "(1) the evidence at issue is favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence has been suppressed by the State, either wilfully or inadvertently; and (3) the defendant has been prejudiced by the suppression of this evidence." Vining v. State, 827 So.2d 201, 208 (Fla.2002) (citing Strickler v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999), et al.). "A defendant is prejudiced by the suppression of exculpatory evidence if it is material, in other words if `there is a reasonable probability that the result of the trial would have been different if the suppressed documents had been disclosed to the defense.'" Vining, 827 So.2d at 208 (quoting Strickler, 527 U.S. at 289, 119 S.Ct. 1936).
Case law also establishes that a defendant's knowledge of a discovery request does not mean that he or she did not act with due diligence once defendant actually became aware of the existence of exculpatory evidence. The supreme court *1216 instructs: "A defendant's knowledge that the State submitted evidence for testing . . . does not create a duty to inquire further. See Hoffman v. State, 800 So.2d 174, 179 (Fla.2001) (noting that the State has the burden `to disclose to the defendant all information in its possession that is exculpatory')." Allen v. State, 854 So.2d 1255, 1259 (Fla.2003). The court further noted: "The defendant's duty to exercise due diligence in reviewing Brady material applies only after the State discloses it." Id. (emphasis added).
Appellant's claims one through five relate to FDLE reports containing DNA test results, which were unknown to him, and possibly unknown to his attorney, at the time he was persuaded to accept and enter a plea of no contest. Accepting the truth of the facts set forth in the sworn 3.850 motion,[2] we conclude appellant has satisfied the exception set forth in rule 3.850(b)(1) to excuse his failure to abide by the two-year limitation period required for filing a postconviction motion. He alleged he submitted samples for DNA testing, telling his counsel he believed the DNA tests would prove he had not committed the sexual battery of which he was accused, and although he had asked his lawyer numerous times about the results of the tests, counsel replied he knew nothing about them. The previously undisclosed evidence, exonerating appellant as a donor of semen, is material in that there is a reasonable probability that the outcome would have been different if the results had been timely disclosed to the defense before appellant entered his plea. Pursuant to Allen, appellant had no duty to exercise due diligence in reviewing the DNA test results before the time the state actually furnished them. It is, moreover, impossible to decide from this record whether the state ever divulged the DNA results to appellant or to his counsel. Under the circumstances, we conclude the trial court erred in summarily finding appellant failed to demonstrate a valid exception to the two-year limitation period, and in refusing to consider the merits of the allegations.
The remaining claims in appellant's motion to vacate are inextricably connected with those asserted in the first five. Therefore, if the court deems it necessary to grant relief as to them, it is directed to revisit the summary denial of the remainder of appellant's claims.
REVERSED and REMANDED.
KAHN, C.J., and BENTON, J., concur.
NOTES
[1] The court allowed the attorney to withdraw before the expiration of the 30-day period for filing a notice of appeal.
[2] If an evidentiary hearing is not conducted below, an appellate court must accept the defendant's factual allegations as true to the extent they are not refuted by the record. See McLin v. State, 827 So.2d 948, 954 (Fla.2002); Foster v. State, 810 So.2d 910, 914 (Fla.2002).