947 So.2d 697 (2007)
Travis SUOMI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1603.
District Court of Appeal of Florida, Fourth District.
February 7, 2007.
Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Travis Suomi (Defendant) appeals the final order denying his rule 3.850 motion for post-conviction relief following an evidentiary hearing. The sole issue raised by the instant appeal is the summary denial *698 of his third ground for relief. We reverse that summary denial and otherwise affirm.
The record provided to this court does not indicate clearly with what offenses Defendant was charged, or more importantly precisely what charges were pending at the time he entered his no contest plea. The index to the docket indicates that he was arrested for burglary of a dwelling, attempted robbery, and home invasion robbery, but it also indicates that on February 19, 2002, the charge of home invasion robbery was "no filed." According to the initial brief filed in his direct appeal, he was charged by information with (I) burglary of a dwelling; and (II) attempted robbery. The order on appeal in this case states that Defendant was charged with burglary and robbery. At any rate, there is no indication that count I was ever charged as attempted burglary, or that Defendant was charged with home invasion robbery at the time of his plea.
Defendant entered a nolo contendere plea to attempted burglary and attempted robbery, which provided that the state agreed to a ten-year cap on his sentence. He was sentenced to five years for each count, to run consecutively.
In the third ground of his rule 3.850 motion, Defendant claimed that he wished to proceed to trial, but his defense counsel coerced him into entering the plea by telling him no one would believe him because his victim was a former St. Lucie sheriff, though Defendant's professions of innocence never varied, and that defense counsel misadvised him that if he did not take the plea, he would get life. However, Defendant alleged the charges lodged against him were third-degree felonies, punishable by a maximum of five years each, absent any enhancement. While home invasion robbery carried a possible life sentence,[1] counsel knew there was no chance the state could prove that charge; without habitualization, the maximum he really faced was ten years, which is what he received. This coercive misadvice caused Defendant to sign the plea agreement. Had counsel subjected the state's case to adversarial testing, Defendant never would have entered the plea, but would have proceeded to trial.
The trial court summarily denied this ground. Identifying it as a claim of counsel's misadvising Defendant that "if you don't take the plea, you'll get life," the court found the following:
Examination of the record reveals that the trial court cured any alleged misstatement by counsel concerning the maximum sentence when during the plea colloquy the trial court advised the Defendant that the maximum sentence for each offense was five years in prison. (See complete plea hearing transcript, page 4, Exhibit "A.")[2] Further, it is clear from the motion that the Defendant entered his plea knowing that he could not be sentenced to more than 10 years in prison. Thus, the Defendant's claim is conclusively rebutted by the record and the Court finds that the Defendant *699 was not prejudiced in entering the plea.
We agree with Defendant's argument, in his initial brief, that the trial court's advice as to his maximum sentence pertained to the maximum sentence he could receive pursuant to the plea agreement, which capped the sentence at ten years. It did not address what sentence Defendant could receive if he did not accept the plea offer. This could not cure any misadvice of counsel as to Defendant's likely sentence if he went to trial.
The state acknowledged, in its response to this court's order to show cause, that the trial court's advising Defendant at the plea colloquy that he faced a maximum of five years for each offense did not cure any alleged misadvice of counsel concerning the maximum sentence which Defendant could receive if he proceeded to trial. But the state maintains that there is no necessity for a hearing because the trial court's summary denial of this ground was right for the wrong reason: Defendant was not misadvised of the maximum sentence he faced, because he was a convicted felon accused of home invasion robbery.
However, besides the fact that nothing in the record established that Defendant qualified for habitual sentencing, there is nothing in the record to show that the charge of home invasion robbery was ever filed against him, much less was still pending at the time he entered the plea. Further, if counsel advised Defendant that the charge of burglary[3] or attempted robbery[4] carried a life sentence, that too would have been misadvice.
The prejudice prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is satisfied by the allegation that, but for counsel's error, there is a reasonable probability that the defendant would not have entered plea but would have gone to trial. Cousino v. State, 770 So.2d 1258 (Fla. 4th DCA 2000). He need not allege that he would have prevailed at trial. Grosvenor v. State, 874 So.2d 1176, 1181 (Fla.), cert. denied, 543 U.S. 1000, 125 S.Ct. 627, 160 L.Ed.2d 458 (2004).
Accordingly, we reverse and remand the summary denial of Defendant's third ground for relief for either an evidentiary hearing or the attachment of portions of the record conclusively refuting the claim and otherwise affirm the denial of his post-conviction motion.
Affirmed in part, Reversed in part, and Remanded.
POLEN, GROSS and HAZOURI, JJ., concur.
NOTES
[1] Home invasion robbery is a first degree felony, § 812.135(2), Fla. Stat. (2001), punishable by up to thirty years in prison, § 775.082(3)(b), Fla. Stat. (2001), absent habitualization. Defendant could have been sentenced to life for that offense only if he were sentenced as a habitual offender. There is some mention of prior offenses in the record, but nothing established that he qualified for sentencing as a habitual offender.
[2] On page 4 of the plea transcript attached to the order, the trial court asked Defendant, "Do you understand the maximum legal sentence you could receive for each offense would be up to five years in prison and a fine of up to $5,000 . . .? Do you understand that?" Defendant replied, "Yes sir."
[3] Burglary of an occupied dwelling, without assault or battery, and without the offender being or becoming armed, is a second degree felony, § 810.02(3)(a), Fla. Stat. (2001), punishable by up to fifteen years in prison, § 775.082(3)(c), Fla. Stat. (2001).
[4] Robbery without a weapon is a second degree felony, § 812.13(2)(c), Fla. Stat. (2001); the attempt of such an offense is a third degree felony, § 777.04(4)(d)1, Fla. Stat. (2001), punishable by up to five years in prison, § 775.082(3)(d), Fla. Stat. (2001).