965 So.2d 352 (2007)
Antonio RUAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-902.
District Court of Appeal of Florida, Fourth District.
September 26, 2007.
*353 Thomas A. Kennedy of Thomas A. Kennedy, P.A., Vero Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Antonio Ruan appeals the summary denial of his rule 3.850 motion for postconviction relief. In his motion, he raised two grounds for relief. Appellant's second claim contained five sub-claims. We reverse on ground two, sub-claim four, and remand for an evidentiary hearing or for attachment of records which conclusively refute appellant's allegations.
Appellant was arrested and charged with burglary of a dwelling and battery. Upon the advice of his attorney, appellant entered a plea of no contest to both charges and was subsequently sentenced to seventy-two months in prison.
In the claim at issue, appellant asserts that his trial attorney failed to share with him the victim's description of the perpetrator. The victim allegedly described the perpetrator as a "tall black man." Appellant states that this information was not shared with him before he pleaded no contest. Appellant also alleges that this information was exculpatory and that had he known of this alleged exculpatory information, he would have forgone pleading no contest and elected to go to trial. However, appellant did not give a description of his own accidental characteristics in his postconviction motion. The lower court summarily denied appellant's claim as legally insufficient for failing to demonstrate deficient performance of counsel. Specifically, the lower court faulted appellant's failure to provide his own physical description and his failure to explain how the perpetrator's description is exculpatory.
To demonstrate ineffective assistance of counsel, an appellant must show that his counsel's performance was deficient and that there is a reasonable probability that counsel's deficient performance affected the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to show deficiency, a "`claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards.'" Hannon v. State, 941 So.2d 1109, 1118 (Fla.2006) (quoting Maxwell v. Wainwright, 490 So.2d 927, 932 (Fla. 1986)). An attorney's obligation to advise a client of information crucial to making an informed decision concerning a plea is just as vital as not providing a client with misinformation concerning a plea. See Brazeail v. State, 821 So.2d 364, 366 (Fla. 1st DCA 2002) (stating that "[t]he law of Florida has long recognized that a plea of guilty or nolo contendere may be vacated when the defendant has entered his plea as a result of mistaken advice by defense counsel as to the consequences of a plea"). Failure to disclose an exculpatory statement from the victim, if true, would undoubtedly demonstrate that counsel was "outside the broad range of reasonably competent performance under prevailing professional standards" as explained in Hannon. 941 So.2d at 1118 (quoting Maxwell).
A trial court, when it has not conducted an evidentiary hearing, must accept a movant's factual allegations as true to the extent they are not refuted by the record. Mullins v. State, 850 So.2d 676, 677 (Fla. 4th DCA 2003). Here, appellant's unrefuted factual allegations are that *354 the victim described the perpetrator as a "tall black man" and that the victim's description was an exculpatory[1] piece of evidence not communicated to him by his trial attorney prior to entering a plea.[2] Because the lower court was required to accept these allegations as true, it was also required to accept, by reasonable inference, that appellant did not fit the victim's description of the perpetrator. Thus, in this case, appellant's mere failure to include his own description in his motion was not fatal to his claim.
The other issues raised on appeal are without merit and we affirm the summary denial of appellant's 3.850 motion on those issues. As for the issue discussed above, we reverse and remand for an evidentiary hearing or for attachment of portions of the record conclusively showing appellant is not entitled to relief.
WARNER, STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] Of course, conclusory arguments are insufficient to state an issue. See McDonald v. State, 952 So.2d 484, 489 (Fla.2006). However, we are not saying that the lower court must accept the legal conclusion that the victim's identification is actually exculpatory. What is important here is that the information withheld was reasonably and potentially exculpatory in the eyes of appellant.
[2] We emphasize that in his motion, appellant did not merely state that his attorney failed to communicate to him exculpatory information. A simple claim that one's attorney failed to provide exculpatory information, without more, would not have been enough to state a sufficient claim. See Szymanowski v. State, 771 So.2d 10, 11 (Fla. 4th DCA 2000) (stating that appellant's ineffective assistance of counsel claim failed because appellant did not indicate what erroneous information he received from counsel which affected his decision to accept a plea). Here, appellant alleged not only that his attorney failed to share with him exculpatory evidence, but also stated the specific character of the exculpatory evidence.