968 So.2d 681 (2007)
Jose A. ORTIZ, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-0332.
District Court of Appeal of Florida, First District.
November 15, 2007.
*682 Jose A. Ortiz, pro se, Appellant.
Bill McCollum, Attorney General, and Judy Bone, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Jose A. Ortiz, appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Appellant raised eleven grounds for relief, all based on ineffective assistance of counsel or the validity of his guilty plea. We conclude that three of these grounds merit discussion. The trial court summarily denied Appellant's claims that his attorney was ineffective for failing to insist that he be evaluated by more than one expert to determine his competence to enter a plea, that his plea was involuntary because he was incompetent to enter it, and that his attorney rendered ineffective assistance by introducing a prejudicial letter at the sentencing hearing. Because Appellant stated facially sufficient claims *683 as to these three points, we reverse and remand with directions that the trial court either hold an evidentiary hearing or attach portions of the record that conclusively refute these three claims. We affirm the trial court's rulings on all other claims without further discussion.
On September 2, 2003, Appellant pled guilty to burglary of a dwelling. On August 25, 2003, Appellant underwent a competency evaluation by Dr. Ernest Miller. After the evaluation, Dr. Miller prepared a letter expressing his opinion that Appellant was competent to proceed. The letter gave a detailed description of Dr. Miller's meeting with Appellant, including observations and clinical impressions. However, the letter did not specifically address Appellant's capacity to appreciate the charges or allegations against him; appreciate the range and nature of possible penalties; understand the adversary nature of the legal process; disclose to counsel facts pertinent to the proceedings at issue; manifest appropriate courtroom behavior; or testify relevantly. Appellant's competency to proceed was not addressed at length in the plea colloquy. The trial court asked Appellant if he had "any physical or mental defects that might prevent [him] from understanding [what was] taking place," to which Appellant replied, "No, sir." The trial court also asked both the State and the defense attorneys whether there were "any mental health issues" that needed to be addressed. Appellant's attorney replied that mental health issues would be presented as mitigating factors at sentencing, but that there was no issue as to competency. Ultimately, the court accepted Appellant's guilty plea.
At the sentencing hearing on October 27, 2003, the State introduced a Pre-Sentence Investigation Report (PSI), detailing Appellant's criminal history. Appellant's attorney introduced Dr. Miller's letter as well as a letter from a third party, which the trial court characterized as a "plea for leniency." At the conclusion of the hearing, the trial court sentenced Appellant to twenty years in prison as an habitual felony offender. In explaining the sentence to Appellant, the court referred to the PSI and Appellant's criminal history. Subsequently, Appellant filed a motion for postconviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, which the trial court summarily denied.
In his motion, Appellant alleged that the trial court had ordered a competency evaluation of him on its own motion. If such an order exists, the trial court did not attach it to its order denying Appellant's motion for postconviction relief. The trial court did attach a copy of Dr. Miller's letter, which indicates that it was prepared in response to a court order. Appellant alleged that he was never evaluated by another expert. Appellant further alleged that if another expert had been appointed, he would have been found incompetent to proceed, and therefore, he would not have been permitted to enter his plea. As its basis for denying Appellant relief on this claim, the trial court stated that Appellant's attorney had no reasonable basis for requesting a second opinion because Dr. Miller had concluded that Appellant was fully competent. The trial court also opined that there was no reasonable probability to believe a different expert would render a different opinion.
Appellant also alleged in his original motion that he was incompetent to enter a plea, and therefore his plea could not be considered voluntary. In particular, Appellant alleged that he was suffering from delusions and severe depression at the time, such that he was unaware of the consequences of the plea. Additionally, Appellant alleged that it was "possible that the omission of medications and the lack of *684 mental health treatment" affected his ability to understand the proceedings. The trial court concluded that Appellant's allegations of incompetency were insufficiently pled, and therefore, he was not entitled to relief.
Finally, Appellant alleged that his attorney introduced a letter from a third party at the sentencing hearing. He contended that the letter was prejudicial, as it contained information regarding crimes he had committed. He alleged that the trial court would not have been aware of these crimes if his attorney had not submitted this letter. In denying relief on this claim, the trial court stated that the letter was a "plea for leniency," and therefore it did not prejudice Appellant. The letter was not attached to the trial court's order.
In a motion for postconviction relief, the defendant bears the burden of establishing a prima facie case based upon a legally valid claim. Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000). A trial court may issue a summary denial of the motion as to any claims that are either legally insufficient or conclusively refuted by the record. Id. If the defendant's claims are legally sufficient, the trial court must attach portions of the record that conclusively refute the claims in order to properly issue a summary denial. Mullins v. State, 850 So.2d 676, 677 (Fla. 4th DCA 2003). An appellate court reviewing the summary denial of a Rule 3.850 motion for postconviction relief must accept the defendant's factual allegations as true to the extent they are not refuted by the record. See Freeman, 761 So.2d at 1061.
Appellant framed his claim that he was entitled to more than one competency evaluation as a claim of ineffective assistance of counsel. To state a claim for ineffective assistance of counsel, a defendant must allege that his attorney's performance was deficient and that the deficiency was prejudicial to the defendant. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When a defendant has pled guilty, the prejudice prong requires a showing of "a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Appellant set forth both prongs in his original motion for postconviction relief.
On appeal, Appellant contends that the trial court violated Rule 3.210, Florida Rules of Criminal Procedure, and that his attorney failed to object to the violation. Rule 3.210(b) provides, in relevant part, as follows:
If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and shall order the defendant to be examined by no more than 3, nor fewer than 2, experts prior to the date of the hearing.
We must accept, as Appellant alleges, and as Dr. Miller's letter indicated, that the trial court ordered a competency evaluation. Thus, the procedure outlined in Rule 3.210(b) was invoked but not completely followed, as there is no record of a second competency evaluation. The record, as presented to this Court, shows that Appellant's attorney performed deficiently by failing to object to the trial court's failure to follow the plain language of Rule *685 3.210(b). The record does not conclusively refute Appellant's allegation that a second expert would have found him incompetent and that he ultimately would have been adjudicated incompetent so that he could not enter a plea.
The State contends, and the trial court's order suggests, that Appellant's attorney did not render deficient performance because he could not have requested another evaluation in good faith after receiving Dr. Miller's opinion that Appellant was competent. We disagree. Rule 3.210(b) provides for automatic evaluation by at least two experts after a motion for evaluation, which is supported by reasonable grounds, has been filed. Once the court has ordered the first evaluation, there is no requirement that the defendant's attorney demonstrate further reasonable grounds for a second evaluation. Furthermore, if there had been a requirement for Appellant's attorney to show reasonable grounds for a second evaluation, he could have done so by reference to the fact that Dr. Miller's letter did not comply with the requirements of an appointed expert's report. To assist the court in adjudicating competency, an expert's report must include an assessment of
(A) the defendant's capacity to:
(i) appreciate the charges or allegations against the defendant;
(ii) appreciate the range and nature of possible penalties, if applicable, that may be imposed in the proceedings against the defendant;
(iii) understand the adversary nature of the legal process;
(iv) disclose to counsel facts pertinent to the proceedings at issue;
(v) manifest appropriate courtroom behavior;
(vi) testify relevantly; and
(B) any other factors deemed relevant by the experts.
Fla. R.Crim. P. 3.211(a)(2). Rule 3.211(a)(2)(A) indicates that the inclusion of factors (i) through (vi) is mandatory. The fact that Dr. Miller's report did not address these mandatory factors would have been grounds for at least a second evaluation.
In a related issue, Appellant contends that he was in fact incompetent to enter a plea, and that therefore, his plea was invalid. There are no set criteria for determining whether a defendant is entitled to an evidentiary hearing on his contention that he was incompetent to enter a plea. Savage v. State, 530 So.2d 1077, 1078 (Fla. 1st DCA 1988). Typically, a trial court must rely on the record for this determination. Id. Here, the transcript of the plea colloquy seems to indicate that Appellant was well aware of what was happening. However, as discussed above, the trial court did not follow proper procedures for evaluating Appellant's competency, despite the fact that the procedures had been invoked.
We agree with the trial court that Appellant was not entitled to an evidentiary hearing as to his allegation that it was "possible that the omission of medications and the lack of mental health treatment" affected his ability to understand the proceedings. This portion of Appellant's claim was insufficiently pled. However, his statements that he was suffering from delusions and severe depression are less equivocal. Appellant's alleged depression may have affected his ability to enter a plea competently. Dr. Miller's letter referred to Appellant's suffering "chronic depression." It also noted that Appellant did not exhibit delusional patterns of thought, and that while Appellant reported hallucinating, he did not appear to do so. While Dr. Miller's letter does state observations of depression, it does not connect these *686 observations to Appellant's competence to enter a plea. There is nothing in the portions of the record presented to this Court that would suggest how Appellant's alleged depression and delusions may have affected his competence to enter a plea. Consequently, an evidentiary hearing was necessary to resolve this issue. Additionally, we note that a second competency evaluation would likely have been helpful in resolving this matter at the circuit court level.
Finally, Appellant stated a claim for ineffective assistance at sentencing by alleging that his attorney introduced a letter that contained damaging information, which caused the trial court to impose a harsher sentence than it otherwise would have imposed. It is unclear how much weight the sentencing judge gave this letter, particularly because he did not refer to the letter when explaining the sentence. Because the letter was not attached to the order, it is impossible for this Court to determine whether Appellant's counsel rendered ineffective assistance by introducing the letter at sentencing. Therefore, the trial court's summary denial on this ground without attachment of the letter was improper.
Accordingly, we reverse and remand as to these three grounds only. On remand, the trial court may either grant an evidentiary hearing or again enter summary denial and attach portions of the record that conclusively refute Appellant's allegations. See, e.g., Wilson v. State, 832 So.2d 883, 884 (Fla. 1st DCA 2002).
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
WEBSTER, LEWIS, and THOMAS, JJ., concur.