982 So.2d 89 (2008)
Lloyd Thomas ASBURY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-1643.
District Court of Appeal of Florida, First District.
May 5, 2008.
Lloyd Thomas Asbury, pro se, Appellant.
Bill McCollum, Attorney General, and Christine A. Guard, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Lloyd Thomas Asbury seeks reversal of an order which denies his motion for post-conviction relief, filed on the authority of rule 3.850, Florida Rules of Criminal Procedure. Asbury, a former member of the Florida Bar, pled guilty to grand theft of client funds as part of a plea agreement. He was sentenced to five years imprisonment to be followed by ten years of probation. He sought post-conviction relief on several grounds, but the trial court denied *90 the 3.850 motion finding the grounds raised therein to be insufficient to warrant relief. To the order denying relief, the trial court attached a copy of Asbury's written plea agreement as well as a transcript of the plea hearing.
Among other issues, in his 3.850 motion Asbury asserts that the State failed to abide by the plea agreement insofar as it did not drop the second count of the complaint in return for the guilty plea as to the first, as the State had agreed. The attachments to the trial court's order do not reflect that count two of the complaint was dropped by the State. Accordingly, the order denying post-conviction relief is reversed either for attachments of record indicating that Asbury is not entitled to relief on this issue or for the grant of an evidentiary hearing as to this issue. In all other respects, the order denying post-conviction relief is affirmed. See Rule 3.850, Fla. R.Crim. P.; Ortiz v. State, 968 So.2d 681 (Fla. 1st DCA 2007).
AFFIRMED in part, REVERSED in part, and REMANDED.
ALLEN, VAN NORTWICK, and LEWIS, JJ., concur.