984 So.2d 650 (2008)
Johnny Junior WARD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-3807.
District Court of Appeal of Florida, First District.
June 24, 2008.
*652 John D. Middleton, Melrose, for Appellant.
Bill McCollum, Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, and Glenn E. Bryan, Assistant State Attorney, Bronson, for Appellee.
PER CURIAM.
Johnny Junior Ward appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because we find that appellant stated facially sufficient claims that the record attachments do not conclusively refute in grounds two and five of his motion, we reverse and remand as to those claims only.
The State charged appellant with three counts of driving with a revoked license and by careless or negligent operation of a vehicle causing death or serious injury to Nycole Loudermilk (count I), Charlie Holt (count II), and Everett Phillips (count III), in violation of section 322.34(6), Florida Statutes (2004). Pursuant to negotiations which resulted in the State's agreeing to a cap of 90 months' imprisonment, appellant pled no contest on count I, and counts II and III were dismissed. The trial court accepted the plea and sentenced appellant to 90 months in prison.
In ground two of his motion, appellant argued that his trial attorney provided ineffective assistance by failing to advise him accurately regarding the potential sentence he would face were he to proceed to trial as charged  i.e., on all three counts alleged in the information. He claimed that his attorney advised him, after relaying the State's plea offer of seven and one half years on count I, that "things can only get worse" and that appellant "could get any amount of time."
Appellant alleged that his attorney failed to advise him that under Boutwell v. State, 631 So.2d 1094 (Fla.1994), appellant could be convicted on only one of the three counts charged. Based on counsel's assertions, appellant claimed, he believed that if tried, he could be convicted on all three counts and that the judge could then impose "any sentence." Had he been advised accurately regarding the maximum sentence he would face were he to proceed to trial, appellant alleged he would not have entered his plea.
A trial court must grant an evidentiary hearing on any well-pled, legally sufficient claim in a defendant's motion for post-conviction relief unless the record conclusively refutes that claim. See Parker v. State, 904 So.2d 370, 376 (Fla.2005); Ortiz v. State, 968 So.2d 681, 684 (Fla. 1st DCA 2007); Fla. R.Crim. P. 3.850(d) (2007). In reviewing a trial court's summary denial of a post-conviction claim, this court must determine whether each claim is legally sufficient, and, in doing so, must accept as true all of the defendant's factual allegations that the record does not refute. Parker, 904 So.2d at 376; Foster v. State, 810 So.2d 910, 914 (Fla.2002); Ortiz, 968 So.2d at 684.
In order to be entitled to collateral relief from his conviction on the ground that his trial attorney performed ineffectively, a defendant must demonstrate both that counsel performed deficiently and that the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Chandler v. State, 848 So.2d *653 1031, 1035-36 (Fla.2003). To state a facially sufficient claim of prejudice under Strickland, a defendant seeking to withdraw his or her plea on grounds of counsel's ineffectiveness must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty [or no contest] and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); see also Zakrzewski v. State, 866 So.2d 688, 694 (Fla.2003); Smalls v. State, 973 So.2d 630, 631-32 (Fla. 1st DCA 2008); Brown v. State, 967 So.2d 440, 443 (Fla. 4th DCA 2007).
Although record attachments to the trial court's order conclusively demonstrate that appellant understood the maximum sentence he would face if tried on count I only, nothing in the record refutes appellant's claim that his attorney misadvised him regarding the potential sentence he faced if tried as charged. Appellant correctly asserts that under Boutwell, the three counts charged in the information could result in only one conviction. See Boutwell, 631 So.2d at 1095 (holding that "regardless of the number of injured persons, there can only be one conviction under section 322.34(3) [now 322.34(6)] arising from a single accident"); see also Melbourne v. State, 679 So.2d 759, 765 (Fla.1996) (explaining that "[t]o allow multiple convictions for a single violation of [section 322.34] would be illogical because the violation does not cause injury to any of the victims"). Nothing in the record, moreover, refutes appellant's claim that his attorney advised him that he could face "any sentence" if he did not accept the State's plea offer (pursuant to which appellant would be convicted on only one count). Accordingly, the trial court erred in summarily denying relief on ground two. See Suomi v. State, 947 So.2d 697, 699 (Fla. 4th DCA 2007) (holding record evidence showing defendant received accurate advice regarding maximum sentence he would face pursuant to a plea agreement did not refute defendant's post-conviction claim that counsel's misadvice regarding the sentence he would receive if he proceeded to trial caused him to enter his plea).
In ground five, appellant alleged that the State withheld from the defense two allegedly exculpatory documents produced in the course of the medical examiner's office's investigation of Ms. Loudermilk's death. One of the documents we find arguably exculpatory or impeaching.[1] Assistant Medical Examiner Cathy Weldon wrote, on the date of the accident, that Florida Highway Patrol Officer Greg Potter informed her that Ms. Loudermilk had been driving on the wrong side of the road when the accident occurred. Appellant argued that this document would have alerted his attorney to a difference of opinion regarding the cause of the accident, if disclosed. He also asserted that had he known of the document's existence, he would not have entered his plea. See Taylor v. State, 848 So.2d 410, 412 (Fla. 1st DCA 2003) ("In the context of a plea, an appellant must allege that he would not have entered a plea and proceeded to trial, but for the state's suppression of the favorable evidence.").
Pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the State must "disclose material information within its possession or control that is favorable to the defense." Green v. State, 975 So.2d 1090, 1101 (Fla.2008); see also Brady, 373 U.S. at 87, 83 S.Ct. 1194 (holding that the State's suppression "of *654 evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). To establish a Brady violation, a defendant must demonstrate prejudice as a result of the State's willful or inadvertent suppression of evidence (either exculpatory or impeaching) favorable to the defense. See Green, 975 So.2d at 1101-02 (citing Strickler v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)); Polk v. State, 906 So.2d 1212, 1215 (Fla. 1st DCA 2005).
The trial court denied appellant's claim because the record in a civil case arising out of the accident filed against appellant and the owner of the vehicle he was driving at the time of the accident indicated that appellant possessed or could have possessed, through reasonable diligence, the documents he claimed the State failed to disclose in his criminal case before he entered his plea. The trial court also held that the record in the present case demonstrates that appellant could have obtained the allegedly exculpatory documents prior to entering his plea through the exercise of due diligence because the State listed the name and address of Medical Examiner William Hamilton as a "category A" witness in the discovery exhibit it submitted to the defense.
The trial court erred in relying on documents in appellant's civil case never properly made part of the record in this case to deny appellant relief on his Brady claim. The rule provides for summary denial of a post-conviction claim only "[i]f the motion, files, and records in the case conclusively show that the movant is entitled to no relief." Fla. R.Crim. P. 3.850(d) (2007) (emphasis added); see also Dessin v. State, 868 So.2d 613, 614 (Fla. 2d DCA 2004) (observing that "[c]ourts have repeatedly held that neither the State nor the trial court may go outside the record to refute a defendant's allegations in a motion for postconviction relief"). Further, although a trial court may take judicial notice of its own records after affording the parties "reasonable opportunity to present information relevant to the propriety of taking judicial notice and to the nature of the matter noticed," see §§ 90.202(6) and 90.204(1), Fla. Stat. (2007), the trial court did not follow that procedure here, but simply found appellant's post-conviction claim refuted by documents outside the record.
Nor was the trial court entitled to deny appellant's Brady claim on the ground that the State listed the medical examiner as a category A witness in its discovery exhibit. The trial court held that because the State listed the examiner's name, appellant could have obtained the allegedly exculpatory documents produced by his office through the exercise of due diligence. The trial court did not find, and the record does not demonstrate, that the State provided the defense with any document suggesting that a driver other than appellant may have caused the accident.
The burden to disclose all duly requested exculpatory information rests solely with the State. See Hoffman v. State, 800 So.2d 174, 179 (Fla.2001). Appellant had no duty to exercise due diligence to review Brady material until the State disclosed its existence. See Allen v. State, 854 So.2d 1255, 1259 (Fla.2003) (rejecting State's argument that defendant could not establish Brady violation based on State's failure to disclose results of hair sample testing where defendant knew of testing and could have learned results through exercise of due diligence); Polk, 906 So.2d at 1216 ("The defendant's duty to exercise due diligence in reviewing Brady *655 material applies only after the State discloses it." (quoting Allen, 854 So.2d at 1259)). Because appellant stated a facially sufficient Brady claim that nothing in the record in this case conclusively refutes, the trial court erred in summarily denying ground five.
We reverse and remand for an evidentiary hearing on these two claims or for record attachments conclusively refuting the claims appellant raised in grounds two and five of his post-conviction motion, but affirm otherwise.
Affirmed in part, reversed in part, and remanded.
BENTON, LEWIS, and ROBERTS, JJ., concur.
NOTES
[1] The other document, the medical examiner's report on Ms. Loudermilk's death, reports that the accident occurred "[f]or unknown reasons."