10 So.3d 1126 (2009)
Kirkland WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-3246.
District Court of Appeal of Florida, First District.
April 24, 2009.
Rehearing Denied June 11, 2009.
*1127 Kirkland Washington, pro se, Appellant.
Bill McCollum, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Kirkland Washington, Appellant, appeals the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. He raises several grounds for relief, only one of which merits discussion. Appellant argues the trial court erred in summarily denying his claim that trial counsel was ineffective for failing to advise him of the victim's unavailability to testify at trial. We agree. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
Appellant entered his guilty plea on the date that trial was set to begin. Jury selection had already taken place, but the State extended Appellant a last-minute plea offer. Appellant was informed that if he did not accept the plea offer, trial would begin immediately. Appellant accepted the offer and entered a plea accordingly. After Appellant's judgment and sentence were affirmed, he filed the instant motion for postconviction relief, alleging, among other things, that trial counsel was ineffective for failing to inform him, prior to the entry of his plea, that the victim was not available to testify against him at trial. He claimed he would not have entered a guilty plea and would have insisted on going to trial if he had known the victim was unavailable that day. The trial court summarily denied Appellant relief on this ground because it was "completely speculative."
A trial court may summarily deny a motion for postconviction relief only if the claims asserted are either legally insufficient or conclusively refuted by the record. Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000). If the postconviction defendant's claims are legally sufficient, the trial court must attach portions of the record that conclusively refute the claims. Ortiz v. State, 968 So.2d 681, 684 (Fla. 1st DCA 2007). If the court cannot do so, summary denial is improper, and an evidentiary *1128 hearing is required. See id. The allegations in a Rule 3.850 motion must be accepted as true to the extent they are not refuted by the record. Id.
Here, the trial court applied an improper standard. Appellant's claim that he would not have entered a guilty plea and would have insisted on going to trial if counsel had informed him of the victim's unavailability to testify at the trial that was scheduled to begin that morning was legally sufficient. Even if the assertion that the victim was not available to testify at the trial was speculative, as the trial court concluded, the court was required to accept it as true absent record evidence refuting the claim. Therefore, as to this issue only, we reverse and remand for either an evidentiary hearing or for record attachments conclusively refuting the allegation that counsel knew the victim was unavailable for the impending trial and neglected to tell Appellant. In all other respects, the trial court's order is affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
WEBSTER, BROWNING, and LEWIS, JJ., concur.