PER CURIAM.
 

 Appellant, Skyler Jones, appeals the denial of his postconviction relief motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court summarily denied relief as to six claims and denied relief as to the two remaining claims following an evidentiary hearing. We find no error in the trial court’s denial of relief as to claims one through five and seven. However, we reverse as to the summary denial of claims six and eight and remand.
 

 As the State conceded in its response to our show cause order, the trial court failed to attach portions of the record conclusively refuting Appellant’s sixth claim that trial counsel was ineffective in failing to protect his right to a speedy trial and in failing to file a motion for discharge.
 
 See Washington v. State,
 
 10 So.3d 1126, 1127 (Fla. 1st DCA 2009) (noting that a trial court must attach to its order portions of the record that conclusively refute a legally sufficient postconviction claim or hold an evidentiary hearing).
 

 With respect to claim eight wherein Appellant alleged that he was denied effective assistance of counsel because trial counsel had a conflict of interest, the trial court, in summarily denying relief, relied upon court records for one of the State’s witnesses. There is no indication, however, that these documents were made part of the record in this case or that the trial court utilized the proper procedure in taking judicial notice of the documents.
 
 See Ward v. State,
 
 984 So.2d 650, 652 (Fla. 1st DCA 2008) (holding that the trial court, in summarily denying a postconviction claim, erred in relying on the record in a civil case that the defendant had been a party to because the documents at issue were never properly made part of the record in the criminal case and noting that although a trial court may take judicial notice of its own records after affording the parties a reasonable opportunity to present information relevant to the propriety of taking judicial notice and to the nature of the matter noticed, the trial court did not follow that procedure); see
 
 also Smalls v. State,
 
 18 So.3d 606, 608 (Fla. 1st DCA 2009) (concluding that the trial court erred in relying upon photographs that were not part of the record in summarily denying relief as to a postconviction claim).
 

 Accordingly, the order is AFFIRMED as to claims one through five and seven,
 

 
 *75
 
 REVERSED as to claims six and eight, and the case REMANDED for further proceedings.
 

 DAVIS, CLARK, and WETHERELL, JJ., concur.