PER CURIAM.
The appellant challenges the summary denial of his motion for postconviction relief. We affirm the denial of grounds two and four. However, for the reasons discussed below, we reverse and remand for the trial court to hold an evidentiary hearing on grounds one and three.
Following a plea, the appellant was convicted of trafficking in methamphetamine (more than 200 grams), unlawful possession of a listed chemical and possession of drug paraphernalia and was sentenced to concurrent terms totaling fifteen years’ imprisonment. The appellant was *506 sentenced to a fifteen-year minimum mandatory term for trafficking in more than 200 grams. In his postconviction motion, which was filed more than two years after his judgment and sentence became final, he alleges a claim of newly discovered evidence and a Brady[1] violation. The appellant alleges that his conviction for trafficking in methamphetamine was based on police discovering four containers believed to contain “a liquid which was consistent in appearance with methamphetamine oil... weighing 284, 14, 288 and 14 grams.” These samples were submitted to the FDLE for analysis on October 1, 2009. The FDLE analysis concluded that “No drugs per Florida Statute 893 were identified.” The appellant alleges that this report was never turned over to him or counsel during the discovery process. He also attached an affidavit from his trial attorney indicating that this report was never turned over to him during the discovery process and the State never informed him that mixture tested negative for the presence of methamphetamines. Appellant’s trial attorney further alleges that he advised the appellant to enter a plea based on the State’s verbal representations that the mixtures had tested positive for over 200 grams of methamphet-amines. Appellant’s trial attorney attests that “had [he] known the result of the FDLE Analysis Report was negative for the presence of drugs then he would not have advised the Defendant to enter the plea and accept the sentence the Defendant received.” The appellant alleges that neither he nor counsel became aware of the FDLE report until the appellant’s family received the report in February of 2013, following a public records request.
The trial court held that the claim was untimely as the report could have been discovered earlier through the exercise of due diligence. In response to a Toler order,[2] the State asserts that the appellant was aware items had been handed over for testing and that a lab analyst was listed as a potential State witness. However, “a defendant’s knowledge of a discovery request does not mean that he or she did not act with due diligence once defendant actually became aware of the existence of exculpatory evidence.” See Polk v. State, 906 So.2d 1212 (Fla. 1st DCA 2005). Thus, a “defendant’s duty to exercise due diligence in reviewing Brady material applies only after the state discloses it.” Id. (citation omitted). Because the appellant in this case has alleged that the state never disclosed the results of the FDLE tests, and he has alleged that the tests are exculpatory, he has alleged facially sufficient grounds to excuse his failure to timely seek postconviction relief. On appeal, the State notes that according to the arrest report there was other evidence of methamphetamine and listed chemicals found during the search. However, we are unable to conclude from the record before this Court that such evidence was sufficient to sustain appellant’s conviction and minimum mandatory sentence for trafficking in over 200 grams of methamphetamine.[3] Accordingly, we Reverse and Re- *507 mand for the trial court to conduct an evidentiary hearing on grounds one and three. We affirm the denial of appellant’s remaining grounds without discussion.
Affirmed in part, reversed and remanded in part with directions.
BENTON, VAN NORTWICK, and THOMAS, JJ., concur.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. An order was entered pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), on October 16, 2013.

. It is possible that the evidence was sufficient to sustain appellant's conviction, regardless of the lab analyst's conclusion that "no drugs per Florida Statute 893 were identified” in the tested materials. See § 893.135(l)(f)c., Fla. Stat. (2009) ("Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 14 grams or more of amphetamine, as described in s. 893.02(2)(c)2., or methamphetamine, as described in s. *507 893.03(2)(c)4., or of any mixture containing amphetamine or methamphetamine, or phenyl-acetone, phenylacetic acid, pseudoephedrine, or ephedrine in conjunction with other chemicals and equipment utilized in the manufacture of amphetamine or methamphetamine, commits a felony of the first degree, which felony shall be known as "trafficking in amphetamine....”) (emphasis added). We express no opinion as to the merits of appellant's claims that the state withheld evidence, that the lab report proves the evidence does not support appellant’s convictions, or that the appellant would not have entered his plea had he known of the report. We merely hold that the appellant has filed facially sufficient claims, and this Court cannot determine from the record before us whether they have merit.