IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KEVIN LEE ELLIOTT,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-5527

_____/

Opinion filed September 5, 2017.

An appeal from the Circuit Court for Duval County.
Russell L. Healey, Judge.

Kevin Elliot, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Kevin Lee Elliott challenges the trial court's order denying his motion for postconviction relief, which failed to attach records that conclusively demonstrate no entitlement to relief. In addition, he challenges the trial court's failure to conduct an evidentiary hearing or allow amendment of his pleadings. We reverse to require that the trial court either attach portions of the record that conclusively refute Elliott's claims in counts one, four, seven, and eight of his complaint, or absent such

records, hold an evidentiary hearing. See Washington v. State, 10 So. 3d 1126, 1127 (Fla. 1st DCA 2009) (Absent attachment of portions of the record that conclusively refute claims, a "summary denial is improper, and an evidentiary hearing is required."). As to other counts, Elliott should be given the opportunity to amend his claim. See Spera v. State, 971 So. 2d 754, 762 (Fla. 2007) ("[W]hen a defendant's initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion.").

REVERSED AND REMANDED.

WOLF, MAKAR, and M.K. THOMAS, JJ., CONCUR.