BILBREY, J. The Appellant appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, For the reasons discussed below, we reverse and remand the denial, in part, of ground four of the Appellant’s motion. We affirm the denial of the Appellant’s remaining claims. The Appellant was convicted of attempted murder. At trial he alleged that he acted in self-defense, A witness for the State allegedly testified that the Appellant and the victim had been in an argument earlier in the night, and that thé Appellant had put his hand in his pocket and said “I’m going to use this tonight,” after which she heard gunshots. In ground four, the Appellant alleged that counsel was ineffective for failing to impeach that witness with the fact that she admitted to being high on crack cocaine at the time of the shooting.[1] There are no attachments in the record conclusively refuting the Appellant’s claim regarding counsel’s failure to impeach the witness, or proving that the Appellant was not prejudiced. See Ortiz v. State, 968 So.2d 681 (Fla. 1st DCA 2007) (holding that if a defendant’s postconviction claims are legally sufficient, the trial court must attach portions of the record that conclusively refute the claims). The State concedes error on this point and we accept the concession, Thus, we reverse and remand for the trial court to hold an evidentiaryheariiig or to attach portions of the record that conclusively refute the claim. We affirm the denial of the remaining claims raised in the motion. AFFIRMED in part, REVERSED and REMANDED in part, for further proceed-m§s> ■ WINSOR and M.K. THOMAS, JJ., CONCUR. . In ground four the Appellant also alleged that counsel was ineffective for failing to impeach another witness. We affirm the denial of ground four to the extent he challenged counsel's failure to impeach the other witness.